

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00611-CV

David Allan **EDWARDS**,
Appellant

v.

**DISTRICT ATTORNEY OF ATASCOSA COUNTY, TEXAS**,
Appellee

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 12-02-0185-CVA
Honorable Thomas F. Lee, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Karen Angelini, Justice
    Marialyn Barnard, Justice
    Rebeca C. Martinez, Justice

Delivered and Filed:  July 22, 2015

AFFIRMED

David Allan Edwards appeals the trial court's summary judgment granted in favor of the District Attorney of Atascosa County, Texas on the ground of limitations. We overrule Edwards' issues and affirm the trial court's judgment.

### BACKGROUND

In 2012, Edwards, an inmate in the Ellis Unit of the Texas Department of Criminal Justice, Institutional Division, filed a civil lawsuit against the Atascosa County District Attorney, the Atascosa County Sheriff, the Judge of the 81st/218th Judicial District Court of Atascosa County,

Dr. Gerald B. Phillips, the physician at the Atascosa County Jail, and the County of Atascosa asserting due course of law violations stemming from his pre-trial confinement in the county jail and his aggravated robbery trial held in 2000. Specifically, with regard to the District Attorney, Edwards asserted that a false document and perjured testimony concerning fictitious extraneous offenses were presented during the punishment phase of his criminal trial. The District Attorney filed a general denial and an amended answer asserting that Edwards' cause of action was barred by the applicable four-year statute of limitations and by governmental and sovereign immunity. The civil lawsuit was briefly removed to federal court. Upon remand to the state court, Edwards filed a "Motion for No-Answer Default And/Or Summary Default Judgment and No-Evidence Motion for Summary Judgment" based on the defendants' failure to file new answers after the reinstatement in state court and their failure to answer his discovery. The defendants filed their own motions to dismiss and/or motions for summary judgment which were all granted. The trial court severed each defendant from the rest of the case, thereby making each judgment final and appealable. The instant appeal involves only Edwards' action against the District Attorney.

On appeal, Edwards complains that the trial court failed to file findings of fact and conclusions of law after he timely requested them, failed to rule on his motion for default/summary judgment and his motion for new trial, prevented him from presenting testimony at the summary judgment hearing, and erred in granting summary judgment for the District Attorney.[1]

### ANALYSIS

Edwards first argues the trial court violated its mandatory duty to file written findings of fact and conclusions of law after he requested them. The record confirms that Edwards timely requested findings of fact and conclusions of law, and filed notices of past due findings. *See* TEX.

---

[1] We need not address Edwards' issue based on the absence of a reporter's record of the summary judgment hearing because a record was in fact made of the hearing and has been filed as part of the appellate record.

R. CIV. P. 296, 297. However, findings of fact and conclusions of law are not appropriate in the context of a summary judgment proceeding in which judgment is rendered as a matter of law based on the legal grounds stated in the motion and response and there can be no material fact issues. TEX. R. CIV. P. 166a(c); *IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997) ("The trial court should not make, and an appellate court cannot consider, findings of fact in connection with a summary judgment.").

Edwards next contends the trial court erred by failing to rule on his motion for default/summary judgment and his motion for new trial. The record contains a transcript of the May 9, 2014 hearing during which the trial court explicitly stated it was considering Edwards' default/summary judgment motion and the District Attorney's motion for summary judgment. At the conclusion of the hearing, the trial court orally ruled on both motions, overruling Edwards' motion and granting the District Attorney's motion for summary judgment on limitations. The record also contains a written order signed on June 11, 2014 overruling Edwards' motion. Therefore, the record refutes Edwards' assertion that the court failed to rule on his default/summary judgment motion. As to Edwards' complaint that the trial court failed to rule on his motion for new trial, the court is not required to do so. Rule 329b contemplates situations in which the court does not rule on a motion for new trial and provides that in such situations the motion is "overruled by operation of law" seventy-five days after the judgment was signed. TEX. R. CIV. P. 329b(c). Further, there is nothing in the record to indicate Edwards ever requested that a hearing date be set on his motion for new trial.

Edwards also asserts the trial court deprived him of due process at the summary judgment hearing because it did not allow him to present witness testimony about the purportedly false extraneous offense report used at his criminal trial. A court's decision whether to grant or deny a summary judgment motion is based on the written motion and any responses, along with

supporting affidavits and other documentary evidence. TEX. R. CIV. P. 166a(c); *see Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992). The summary judgment rule expressly states, "[n]o oral testimony shall be received at the hearing." TEX. R. CIV. P. 166a(c); *Tipps*, 842 S.W.2d at 269 n.4. We may not consider the documents attached to Edwards' brief that were not filed in the trial court and are therefore not part of the appellate record. TEX. R. APP. P. 34.1; *Fox v. Alberto*, 455 S.W.3d 659, 668 n.5 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Finally, Edwards argues the trial court erred in granting the District Attorney's summary judgment motion. We review a trial court's grant of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2006). A defendant seeking summary judgment based on an affirmative defense such as limitations must prove each element of the defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). Once the defendant establishes its right to summary judgment on the affirmative defense, the burden shifts to the non-movant to present competent summary judgment evidence raising a genuine issue of material fact precluding summary judgment. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex. 1996); *see* TEX. R. CIV. P. 166a(c); *see also Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985) (movant must prove there is no genuine issue of material fact and that it is entitled to judgment as a matter of law on the issues expressly set out in the motion). When reviewing a summary judgment, we take as true all evidence favorable to the non-movant, indulging every reasonable inference and resolving any doubts in the non-movant's favor. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004).

Here, the District Attorney's summary judgment motion alleged one ground—that Edwards' due course of law claim accrued at the time of his confinement in the county jail and trial in 2000 but was not filed until 2012, and thus was barred by the applicable four-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (West 2015) (residual four-year

limitations period applies to causes of action without a statutory limitations period); *see also Ho v. Univ. of Tex. at Arlington*, 984 S.W.2d 672, 686-87 (Tex. App.—Amarillo 1998, pet. denied) (applying residual four-year statute of limitations to due course of law claim seeking injunctive relief). The trial court agreed and granted summary judgment on the basis of limitations. On appeal, Edwards argues that his claim is not barred by limitations because the limitations period "does not apply" due to fraudulent concealment.

Unless otherwise provided by statute, a cause of action accrues and the applicable statute of limitations begins to run when "facts come into existence that authorize a claimant to seek a judicial remedy." *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 202 (Tex. 2011); *see S.V. v. R.V.*, 933 S.W.2d 1, 3 (Tex. 1996) (purpose of a limitations period is to "establish a point of repose and to terminate stale claims"). A cause of action accrues when a legal injury is caused by a wrongful act, "even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *Valdez v. Hollenbeck*, No. 13-0709, 2015 WL 3640887, at *9 (Tex. June 12, 2015); *Trinity River Auth. v. URS Consultants, Inc.*, 889 S.W.2d 259, 262 (Tex. 1994). The running of a limitations period may be tolled by fraudulent concealment, as well as by the discovery rule. *Hollenbeck*, 2015 WL 3640887, at *9 (noting the discovery rule applies categorically to injuries which are both inherently undiscoverable and objectively verifiable). "[F]raudulent concealment is a fact-specific equitable doctrine that tolls limitations until the fraud is discovered or could have been discovered with reasonable diligence." *Id.* (citing *Shell Oil Co. v. Ross*, 356 S.W.3d 924, 927, 929-30 (Tex. 2011)). For the doctrine to apply, a defendant must have concealed the existence of a cause of action from a party to whom it owed a duty of disclosure. *Id.* "The estoppel effect of fraudulent concealment ends when a party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry, which, if

pursued, would lead to the discovery of the concealed cause of action." *Id.* (quoting *Borderlon v. Peck*, 661 S.W.2d 907, 909 (Tex. 1983)).

In support of his fraudulent concealment argument, Edwards asserts that he was over-medicated while he was in the custody of the Atascosa County Sherriff, with the compliance of the District Attorney, and thus was not fully aware of the facts surrounding the prosecutor's actions in using "fictitious extraneous offenses" during his criminal trial in 2000.[2] *See Edwards v. Phillips*, No. 04-13-00725-CV, 2015 WL 1938873, at *1 (Tex. App.—San Antonio Apr. 29, 2015, no pet.) (mem. op.) (detailing Edwards' allegations concerning the drugs he received and their effect). In his due course of law petition filed on February 28, 2012, Edwards' complaint against the Atascosa District Attorney is limited to its use of allegedly fictitious extraneous offenses at his trial, and its presentation of testimony related to such extraneous offenses during the punishment phase. In the petition itself and at the summary judgment hearing, Edwards conceded his basic knowledge of the allegedly false nature of the extraneous offense evidence at the time of his trial in 2000. Edwards points out that he repeatedly objected during trial to the purportedly fabricated extraneous offense evidence, as well as complaining about his medications. It is therefore apparent that Edwards was aware at the time of his criminal trial of the allegedly false nature of the extraneous offense evidence used by the District Attorney, and thus had knowledge of the "facts, conditions, or circumstances" underlying his due course of law complaint against the District Attorney in 2000, and yet waited until 2012 to file his current petition. *See Hollenbeck*, 2015 WL 3640887, at *9. Further, Edwards has not met his non-movant's burden to present summary judgment evidence sufficient to raise a fact issue that any fraud was committed by the District Attorney to conceal the existence of Edwards' due course of law claim. *See id.*; *see also Ryland*, 924 S.W.2d at 121. We

---

[2] Edwards asserts that, in addition to using the false extraneous offense evidence during punishment, the District Attorney also used the false evidence to coerce him into pleading guilty.

thus conclude the trial court did not err in finding that Edwards' due course of law claim is barred by the four-year limitations period provided by section 16.051.

Based on the foregoing reasons, we overrule Edwards' issues on appeal and affirm the trial court's judgment in favor of the District Attorney of Atascosa County.

Rebeca C. Martinez, Justice