

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00311-CV

Stephanie **INGRAM**,
Appellant

v.

Alberto **BARRAGAN**,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 2017CV02091
Honorable Jason Wolff, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  August 8, 2018

VACATED IN PART, AFFIRMED IN PART

Appellant Stephanie Ingram ("Ingram") appeals the trial court's judgment in a forcible detainer action granting Appellee Alberto Barragan ("Barragan") possession of a residential property located in San Antonio, Texas and awarding Barragan unpaid rent. We vacate the judgment in part and affirm in part.

**BACKGROUND**

According to Ingram's pro se brief, on June 3, 2016, Ingram entered into an agreement to lease a house owned by Barragan (the "Property") for one year, or until June 3, 2017.[1] At that time, "Barragan accepted payment [of] a security deposit of $300.00 and [the] first month['s] rent of $950.00" from a third party on Ingram's behalf.

On March 18, 2017, Barragan initiated a forcible detainer action in the justice court because Ingram failed to pay rent for February and March 2017. On March 21, 2017, the justice court entered judgment in Barragan's favor, awarding him possession of the Property and judgment for unpaid rent totaling $1,900.

Ingram appealed to the county court at law (the "trial court"). The trial court held a bench trial on May 4, 2017. Barragan appeared at trial, but Ingram did not. Ingram claims she "ch[o]se her daughter Siarria Ingram as her representative in court, because [Ingram] was in Austin, Texas at a Certified Veterans Peer Support Specialist course." When Ingram's daughter attempted to make an appearance at trial on Ingram's behalf, the trial court explained she could not represent Ingram because she is not an attorney.

At trial, Barragan testified he was the owner of the Property and Ingram moved into the Property on June 1, 2016. Barragan testified he and Ingram had a one-year lease agreement in which Ingram agreed to pay $950 per month in rent. Ingram failed to pay rent for the months of February, March, April, and May 2017, except for $950 paid into the court registry. After hearing Barragan's testimony, the trial court entered judgment ordering that Barragan recover immediate possession of the Property. The judgment also ordered Ingram to pay $3,800 for unpaid rent

---

[1] Barragan did not file an appellate brief.

through May 2017, plus court costs and interest, and ordered the $950 in the court registry be released to Barragan and applied to the total judgment amount.

On May 12, 2017, Ingram filed a notice of appeal in this court but did not post a supersedeas bond. On May 17, 2017, Ingram filed a motion to stay execution of the judgment pending appeal in this court, which we denied because Ingram did not post a supersedeas bond. *See* TEX. PROP. CODE ANN. § 24.007 (West Supp. 2016) ("A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court.").

On May 18, 2017, Ingram filed a "Motion to Remove Default and Vacate Judgment" in the trial court, requesting a new trial on the basis that she did not appear at the original trial due to "inadvertence," "surprise," or "excusable neglect." The record contains a signed order setting the motion for hearing on May 26, 2017 at 9:30 a.m., but the record does not contain a transcript of the hearing or an order disposing of the motion.

A writ of possession issued and, according to Ingram, sheriff's deputies evicted her from the Property on May 24, 2017.

DISCUSSION

A. **Mootness**

As an initial matter, we must determine whether this appeal is moot. A forcible detainer action is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property. *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). Judgment of possession in a forcible detainer action is a determination of the right to immediate possession. *Id.* When a tenant is no longer in possession of the property and has not superseded the judgment of possession, her appeal is moot unless: (1) she timely and clearly expressed an intent to exercise the right of appeal, and (2) appellate relief is not futile. *Id.* Appellate relief is not futile if the tenant

holds and asserts "a potentially meritorious claim of right to _current, actual possession_" of the property. _Id._ (emphasis added). When a tenant's lease has expired and she identifies no basis for claiming a right to possession after that expiration, there is no longer a live controversy between the parties as to the right of current possession. _Id._

In this case, Ingram did not post a supersedeas bond and was evicted from the Property on May 24, 2017. Although Ingram timely and clearly expressed her intent to appeal by filing a notice of appeal on May 12, 2017, any appellate relief regarding the right to current possession is futile. According to Ingram, her lease would have expired in June 2017, and she does not identify any other basis for claiming a right to current, actual possession of the Property. Therefore, the issue of possession is moot, and we must vacate the trial court's judgment of possession. _See id._ at 788 ("One purpose of vacating the underlying judgment if a case becomes moot during appeal is to prevent prejudice to the rights of parties when appellate review of a judgment on its merits is precluded."); _accord Devilbiss v. Burch,_ No. 04-16-00711-CV, 2018 WL 2418476, at *2 (Tex. App.—San Antonio May 30, 2018, no pet. h.) (mem. op.) ("[B]ecause the issue of possession is moot, we must vacate the trial court's judgment of possession.").

In addition, although she does not raise it as a separate issue on appeal, Ingram argues the trial court erred by not setting a supersedeas bond. The record does not reflect that Ingram ever requested that the trial court set a bond amount, but, in any event, this issue is also moot. _See Leal v. SF Revocable Living Trust I_, No. 09-15-00254-CV, 2017 WL 2687506, at *3 (Tex. App.—Beaumont June 22, 2017, no pet.) (mem. op.) (holding that because appeal is moot, court of appeals may not consider complaint on appeal that trial court failed to set supersedeas bond); _see also Usatequi v. Meller_, No. 04-05-00324-CV, 2006 WL 166436, at *2 (Tex. App.—San Antonio Jan. 25, 2006, no pet.) (mem. op.) (holding appeal moot because tenant did not supersede judgment and was evicted even though trial court did not set supersedeas bond).

Even where the issue of possession is moot, however, we may review issues independent of possession, such as issues related to a claim for unpaid rent. *Devilbiss*, 2018 WL 2418476, at *2; *Cavazos v. San Antonio Hous. Auth.*, No. 04-09-00659-CV, 2010 WL 2772450, at *2 (Tex. App.—San Antonio July 14, 2010, no pet.) (mem. op.). Accordingly, we address Ingram's issues on appeal to the extent they are unrelated to the issue of possession.

**B.      Representation by a non-attorney in the county court**

In her first issue, Ingram argues the trial court erred by not allowing her daughter to appear and present evidence as Ingram's "authorized representative" at trial. Ingram relies on section 24.011 of the Texas Property Code, which provides that in eviction suits in the justice court, parties may represent themselves or be represented by their authorized agents, who need not be attorneys. TEX. PROP. CODE ANN. § 24.011(a). In an appeal to the county court, however, only an owner of a multifamily residential property or a property owner that is a business entity may be represented by a non-attorney agent. *Id.* § 24.011(b). An individual litigant in county court must represent herself or be represented by an attorney. *See id.*; TEX. R. CIV. P. 7 ("A party to a suit may appear and prosecute or defend his rights therein, either in person or by an attorney of the court."). Therefore, the trial court did not err by prohibiting Ingram's daughter, who is not an attorney, from appearing and presenting evidence as Ingram's representative in Ingram's appeal to the county court. Ingram's first issue is overruled.

**C.      Factual sufficiency**

In her second issue, Ingram argues the evidence is factually insufficient to support the judgment. The judgment in this case awards Barragan: (1) immediate possession of the Property, and (2) damages for unpaid rent. As discussed above, to the extent Ingram's second issue pertains to the judgment of possession, it is moot. *See Marshall*, 198 S.W.3d at 787. Accordingly, we

address the factual sufficiency of the evidence as it pertains to the award of damages for unpaid rent only.

A claim for unpaid rent may be brought with a forcible detainer action. TEX. PROP. CODE ANN. § 24.008. In a bench trial in which no findings of fact or conclusions of law are filed or requested, we imply the trial court made all the necessary findings to support the judgment. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). We review the factual sufficiency of the trial court's implied findings by considering all of the evidence in the record. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996) (per curiam). We will set aside the judgment only if the evidence supporting the implied findings is so weak that the judgment is "clearly wrong and manifestly unjust." *Flying J Inc. v. Meda, Inc.*, 373 S.W.3d 680, 691 (Tex. App.—San Antonio 2012, no pet.) (citations omitted).

Here, Barragan testified he and Ingram had a lease agreement whereby Ingram agreed to pay Barragan $950 per month to rent the Property. Barragan testified Ingram failed to pay rent for the months of February, March, April, and May 2017, and he requested judgment for unpaid rent in the amount of $950 per month for those four months, totaling $3,800. The trial court awarded Barragan unpaid rent in the amount of $3,800, offset by $950 Ingram had paid into the court registry.

On appeal, Ingram does not appear to dispute the lease agreement required her to pay $950 per month in rent or that she failed to pay rent from February through May 2017. Rather, Ingram appears to argue the trial court's award is contrary to the evidence she claims she would have presented at trial had she or an attorney appeared on her behalf. Ingram attaches to her brief images of text messages purportedly exchanged between herself and Barragan, which she contends support the defense she would have put on at trial. However, we may not consider any documents attached to a brief that were not filed in the trial court and are therefore not part of the appellate

record. *Edwards v. Dist. Attorney of Atascosa Cnty.*, 511 S.W.3d 257, 260 (Tex. App.—San Antonio 2015, no pet.) (citing TEX. R. APP. P. 34.1). Ingram does not identify any evidence in the record that is contrary to the award, nor does she show the evidence that is in the record is insufficient to support the trial court's judgment. Therefore, we conclude the evidence is factually sufficient to support the award of unpaid rent to Barragan. Ingram's second issue is overruled.

**D.     Retaliation**

In her third and fourth issues, Ingram argues Barragan retaliated against her "in order to regain possession of his property by misleading the appellant, and acting outside of written agreements between both parties," as well as "when learning the Appellant acted upon her tenant rights in protecting herself by filing various motions with the courts." Ingram relies upon section 92.331 of the Property Code, which prohibits a landlord from retaliating against a tenant under certain circumstances. TEX. PROP. CODE ANN. § 92.331 (West 2014).

To the extent Ingram's third and fourth issues relate to the judgment of possession, as discussed above, we lack jurisdiction to resolve them. However, Chapter 92 of the Property Code provides that retaliation is a defense to nonpayment of rent in an eviction suit. *Id.* § 92.335. Therefore, to the extent Ingram's issues relate to the award of damages for unpaid rent, we address the merits.

Nothing in the record demonstrates Ingram raised retaliation as a defense to Barragan's claim for unpaid rent in the trial court. Because retaliation is an affirmative defense, we may not consider it when raised for the first time on appeal. *See* TEX. R. CIV. P. 94 (requiring pleadings to affirmatively set forth every "matter constituting an avoidance or affirmative defense"); *see also Rifleman v. Vista Hollow Apartments*, No. B14-87-00845-CV, 1988 WL 95215, at \*1 (Tex. App.—Houston [14th Dist.] Sept. 15, 1988, writ denied) (mem. op.) (holding retaliation by

landlord is affirmative defense that is waived if not pleaded). Accordingly, Ingram's third and fourth issues are overruled.

### E.      Mitigation

In her fifth issue, Ingram argues Barragan "caused wholly or partly himself from receiving payment by an agency on behalf of [Ingram]." We construe Ingram's issue as raising failure to mitigate damages as an affirmative defense to the claim for unpaid rent. However, nothing in the record demonstrates Ingram raised this defense in the trial court, so we may not consider it when raised for the first time on appeal. *See* TEX. R. CIV. P. 94; *see also Austin Hill Country Realty, Inc. v. Palisades Plaza, Inc.*, 948 S.W.2d 293, 300 (Tex. 1997) (holding tenant's contention that landlord failed to mitigate damages is affirmative defense that must be pleaded). Ingram's fifth issue is overruled.

### F.      Motion for new trial

In her sixth and final issue, Ingram argues the trial court erred "by not reversing the previous judgment of default eviction; after both parties returned to court in agreement of vacating the court order." The clerk's record contains Ingram's "Motion to Remove Default and Vacate Judgement," which requests a new trial on the basis that Ingram did not appear at the original trial due to "inadvertence," "surprise," or "excusable neglect." The record contains a signed order setting the motion for hearing on May 26, 2017 at 9:30 a.m., but nothing in the record indicates the motion was agreed as Ingram claims or even that the hearing actually took place. There is no reporter's record of the hearing, and there is no order disposing of the motion in the clerk's record. In addition, the record does not reflect that Ingram requested these items be included in the record on appeal pursuant to Texas Rules of Appellate Procedure 34.5 and 34.6.

Absent anything in the record to the contrary, we presume Ingram's motion was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c) (providing motion for new trial is overruled by

operation of law if not determined by written order within seventy-five days of judgment). When a motion for new trial is overruled by operation of law, we must determine whether the trial court abused its discretion in allowing the motion to be overruled. *Bank One of Tex., N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex. 1992). The trial court does not abuse its discretion unless the defaulting party establishes all three elements of the test set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939). *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (per curiam). Under *Craddock* and its progeny, a default judgment should be set aside when the defaulting party establishes: (1) the failure to appear was not intentional or the result of conscious indifference, but rather the result of accident or mistake; (2) the motion for new trial sets up a meritorious defense; and (3) granting the motion will occasion no undue delay or otherwise injure the party taking the default judgment. *Id.* at 925 (citing *Craddock*, 133 S.W.2d at 126).

Absent anything in the record indicating Ingram established any of the *Craddock* elements either in her motion or in a hearing, we cannot conclude the trial court abused its discretion by allowing Ingram's motion to be overruled. Therefore, we overrule Ingram's sixth issue.

**CONCLUSION**

Because the issue of possession is moot, we vacate the trial court's judgment of possession. We affirm the trial court's judgment in all other respects.

Rebeca C. Martinez, Justice
