

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00278-CV

Susan Rebecca **CAMMACK**,
Appellant

v.

**THE BANK OF NEW YORK MELLON** f/k/a The Bank of New York as Trustee for the
Certificateholders of CWABS 2004-05,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. 17902C
Honorable Susan Harris, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:        Rebeca C. Martinez, Justice
                Irene Rios, Justice
                Beth Watkins, Justice

Delivered and Filed: May 8, 2019

AFFIRMED

Appellant Susan Rebecca Cammack appeals the trial court's final judgment granting

possession of Cammack's foreclosed home to appellee The Bank of New York Mellon f/k/a The

Bank of New York as Trustee for the Certificateholders of CWABS 2004-05 ("Mellon").

## BACKGROUND

Cammack filed suit to quiet title after Mellon prevailed in a foreclosure action of property

owned by Cammack. *See Cammack v. The Bank of N.Y. Mellon*, No. 04-18-00277-CV, 2019 WL

1547576 (Tex. App—San Antonio Apr. 10, 2019, no pet. h.) (mem. op.).  Mellon also prevailed

in the suit to quiet title and subsequently gave Cammack notice to vacate. Following Cammack's refusal to vacate, Mellon filed a petition for forcible detainer in the Kerr County Justice of the Peace Court. *Id.* When the justice court ruled in favor of Mellon, Cammack appealed to the Kerr County Court at Law (the "trial court"). The trial court held a trial on March 28, 2018 where Mellon presented evidence showing: (1) it purchased the property at the foreclosure sale; (2) Cammack became a tenant at sufferance according to the terms of the deed of trust; (3) Mellon gave Cammack notice to vacate; and (4) Cammack refused to vacate. The trial court granted judgment in favor of Mellon and ordered the clerk to issue a writ of possession, which was issued on April 18, 2018. Cammack appeals the trial court's order granting Mellon possession of the property.

## RECUSAL

In her first two issues, Cammack attempts to argue that the trial judge should have recused herself because the trial judge did not have sufficient knowledge of the law to grant her equitable relief. It is not clear what error Cammack claims the trial court committed based on the trial court's alleged insufficient knowledge of the "law of equities." Cammack does not cite any legal authority and only cites an alleged ex parte communication outside of the record to support her argument.

We recognize Cammack is not an attorney and is representing herself on appeal. However, pro se litigants are generally held to the same standards as licensed attorneys and must comply with all applicable rules, including the rules governing appellate briefs. *Olivarri v. Olivarri*, No. 04-17-00477-CV, 2018 WL 2418467, at *2 (Tex. App.—San Antonio May 30, 2018, no pet.) (citing *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam)). An appellant's "brief must contain clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See* TEX. R. APP. P. 38.1(i). An appellant waives any issues that are not adequately briefed because nothing is presented for our review when the appellant fails to

cite relevant authority, provide relevant citations to the record, or provide substantive analysis of the issue raised in the brief. *Olivarri*, 2018 WL 2418467, at *2.

Here, Cammack fails to cite any authority supporting her first two issues and her reference to ex parte communication with the trial court is outside the appellate record. *See id.*; *see also Edwards v. Dist. Attorney of Atascosa Cty.*, 511 S.W.3d 257, 260 (Tex. App.—San Antonio 2015, no pet.) (recognizing appellate court may not consider evidence that is not part of the appellate record). In addition, Cammack failed to preserve error on the recusal issue because she never filed a motion to recuse the trial judge. *See Humble Expl. Co. v. Browning*, 677 S.W.2d 111, 114 (Tex. App.—Dallas 1984), *order reinstated*, 690 S.W.2d 321 (Tex. App.—Dallas 1985, writ ref'd n.r.e) (citing *Buckholts Indep. Sch. Dist. v. Glaser*, 632 S.W.2d 146, 148 (Tex. 1982) ("Under Texas law the disqualification of the judge on a ground other than those specified in the constitution is waived if not raised by a proper motion to recuse."). Therefore, Cammack has waived her first two issues.

## COLLATERAL ATTACK

In issues three and four, Cammack makes the same arguments that she made on appeal before this court in *Cammack v. The Bank of New York Mellon*, No. 04-19-00277-CV, 2019 WL 1547576, at *2–3 (Tex. App.—San Antonio Apr. 10, 2019, no pet. h.) (mem. op.). Cammack argues Mellon lacked standing to seek foreclosure on the property because: (1) Mellon is a "mere trustee of a mortgage pool in the secondary mortgage market," (2) Mellon is "specifically prohibited by its own controlling document, The Pooling Service Agreement (PSA), from foreclosing against [a] mortgage loan 'Borrower'" like Cammack, and (3) Mellon "is not the Holder in Due Course" of the alleged mortgage note. We noted in our previous opinion that "[t]he essence of Cammack's argument is that because Mellon lacked standing to foreclose, the trial court . . . lacked subject-matter jurisdiction to render the Foreclosure Judgment." *Id.* We determined Cammack was making a collateral attack on the Foreclosure Judgment and overruled

these issues. *Id.* Accordingly, we overrule issues three and four for the reasons stated in our previous opinion. *See id.* (holding Cammack's collateral attack was without merit because the Foreclosure Judgment contained a recitation of jurisdiction).

Furthermore, the only issue in a forcible detainer suit is the right to actual possession, not the right to title. TEX. R. CIV. P. 510.3(e). Cammack attempts to improperly adjudicate title through the appeal of an eviction proceeding. "Any defects [Cammack claims] in the foreclosure process or with [Mellon's] title to the property may not be considered in a forcible detainer action." *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.); *see also Harris v. Bank of Am., N.A.*, No. 04-15-00371-CV, 2015 WL 6876745, at *1 (Tex. App.—San Antonio Nov. 10, 2015, no pet.) (mem. op., not designated for publication) ("Title disputes like the validity of a foreclosure sale may not be determined in a forcible detainer action and must be brought in a separate suit."). "Those defects may be pursued in suits for wrongful foreclosure or to set aside the substitute trustee's deed, but they are not relevant in this forcible detainer action." *Shutter*, 318 S.W.3d at 471. Those issues relating to title were properly addressed in Cammack's suit to quiet title but they are not at issue in this eviction suit.

Cammack's issues three and four are overruled.

### MISNOMER

Cammack argues in her final issue that Mellon committed fraud regarding its name. Specifically, she claims the proper defendant is The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of CWABS 2004-05 and not The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificateholders of SWABS 2004-05. As mentioned above, Cammack does not support her contention with legal authority or any citations to the record. Because Cammack has inadequately briefed this issue, she waives it on appeal.

Even if Cammack had not waived the issue, a misnomer does not affect the merits of the case.

> A misnomer differs from a misidentification. Misidentification—the consequences of which are generally harsh—arises when two separate legal entities exist and a plaintiff mistakenly sues an entity with a name similar to that of the correct entity. A misnomer occurs when a party misnames itself or another party, but the correct parties are involved.

*In re Greater Hou. Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009) (internal citations omitted). "Courts are flexible in [cases involving misnomers] because the party intended to be sued has been served and put on notice that it is the [correct party]." *Id.* (internal citations omitted). Courts generally allow a misnomer to be corrected without any effect on the merits of the case. *Id.* The discrepancy in Mellon's name is simply a misnomer, and the proper parties were before the trial court. Since the discrepancy in Mellon's name is only a misnomer, and Cammack has waived her final issue due to inadequate briefing, we overrule Cammack's final issue.

### CONCLUSION

Because we overrule Cammack's issues on appeal, we affirm the trial court's judgment.

Rebeca C. Martinez, Justice