

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00454-CV

———————————————

RUSSELL FINKELBERG, Appellant

V.

EUGENE ZEMP DUBOSE AND DUBOSE LITIGATION P.C., Appellees

---

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 24-3937-431

---

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

This is an accelerated interlocutory appeal pursuant to the Texas Citizens Participation Act (TCPA). *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001–27.011, 51.014(a)(12) (authorizing interlocutory appeal of order denying motion to dismiss filed under TCPA Section 27.003). Appellant Russell Finkelberg, acting pro se, contends that the trial court erred by (1) denying his TCPA motion to dismiss the claim for attorney's fees and costs asserted by Appellees Eugene Kemp DuBose and DuBose Litigation P.C. (collectively, DuBose[1]) under Section 17.50(c) of the Texas Deceptive Trade Practices Act (DTPA),[2] (2) failing to rule on his motion to strike DuBose's late-filed response to his TCPA motion, (3) purportedly engaging in ex parte communications with DuBose or his counsel, and (4) awarding DuBose the attorney's fees that he incurred in responding to the TCPA motion. We affirm.

### II. BACKGROUND

In May 2024, Finkelberg sued DuBose. In his petition, Finkelberg alleged that he had engaged DuBose as his legal counsel to help him collect a debt secured by a lien on certain real property; that DuBose had failed to properly perfect the lien; and that, as a result, the property securing the debt had been sold without Finkelberg's

---

[1]In the appellate record, "DuBose" is sometimes spelled "Dubose." We have used the spelling in the original petition.

[2]*See* Tex. Bus. & Com. Code Ann. § 17.50(c).

2

knowledge. Based on these allegations, Finkelberg asserted claims against Dubose for violations of the DTPA, fraudulent inducement, and breach of fiduciary duty.

DuBose filed an answer and a counterclaim for attorney's fees and costs under Section 17.50(c) of the DTPA. In response, Finkelberg filed a motion to dismiss DuBose's counterclaim under the TCPA. In addition to the dismissal of DuBose's counterclaim, Finkelberg's motion requested sanctions against Dubose and his attorney under the TCPA, Chapters 9 and 10 of the Texas Civil Practice and Remedies Code, and Rule 13 of the Texas Rules of Civil Procedure.

The trial court set Finkelberg's TCPA motion for hearing on August 29, 2024. DuBose filed a response six days before the scheduled hearing. Finkelberg then moved to strike DuBose's response as untimely. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003(e) (providing that a response to a TCPA motion to dismiss must be filed "not later than seven days before the date of the hearing . . . unless otherwise provided by an agreement of the parties or an order of the court").

At the August 29, 2024 hearing, the trial court denied Finkelberg's TCPA motion to dismiss and his requests for sanctions. It also granted DuBose's request for attorney's fees and set deadlines for DuBose to file an affidavit proving the amount of his fees and for Finkelberg to submit evidence refuting this affidavit. After DuBose submitted his attorney-fee affidavit and Finkelberg filed an objection, the trial court signed an order memorializing its oral ruling, permitting the filing of DuBose's response to Finkelberg's TCPA motion less than seven days before the August 29,

3

2024 hearing, and awarding DuBose $5,750 in attorney's fees. This interlocutory appeal followed. *See id.* § 51.014(a)(12).

## III. DISCUSSION

## A. Standard of Review and Governing Law

The TCPA—commonly referred to as Texas's anti-SLAPP[3] statute—is intended to "protect[] citizens who petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them." *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding); *see* Tex. Civ. Prac. & Rem. Code Ann. § 27.002 (summarizing TCPA's purpose as "encourag[ing] and safeguard[ing] the constitutional rights of persons . . . and, at the same time, protect[ing] the rights of a person to file meritorious lawsuits for demonstrable injury").

A party who moves for dismissal under the TCPA invokes a three-step, burden-shifting process: (1) first, the movant seeking dismissal must demonstrate that a "legal action" has been brought against him and that the action is "based on or is in response to" an exercise of a protected constitutional right; (2) then the burden shifts to the party bringing the legal action to avoid dismissal by establishing, by clear and specific evidence, a prima facie case for each essential element of the claim in question; and (3) finally, the burden shifts back to the movant to justify dismissal by establishing an affirmative defense or other ground on which he is entitled to

---

[3]SLAPP stands for Strategic Lawsuit Against Public Participation. *See Windsor v. Round*, 591 S.W.3d 654, 658 (Tex. App.—Waco 2019, pet. denied).

judgment as a matter of law.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b)–(d); *Miller v. Schupp*, No. 02-21-00107-CV, 2022 WL 60606, at *1 (Tex. App.—Fort Worth Jan. 6, 2022, no pet.) (mem. op.).

We review a trial court's ruling on a TCPA motion to dismiss—including its determination of the parties' satisfaction of their respective burdens—de novo. *Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 45–46 (Tex. 2021); *Miller*, 2022 WL 60606, at *1–2.  Our review encompasses "the pleadings, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based," and we view all of these in a light most favorable to the nonmovant.  Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a); *see Maggret v. Ramsey's Rods & Restoration*, No. 02-20-00395-CV, 2021 WL 2253244, at *2 (Tex. App.—Fort Worth June 3, 2021, no pet.) (mem. op.).

## B.  The Trial Court Properly Denied Finkelberg's TCPA Motion to Dismiss

Intertwined with and overlying the TCPA's multi-step dismissal process is the TCPA provision exempting certain actions from the TCPA's application.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.010(a); *Temple v. Cortez Law Firm, PLLC*, 657 S.W.3d 337, 343 (Tex. App.—Dallas 2022, no pet.).  When a nonmovant invokes an exemption, the trial court may, in the interests of judicial economy, consider its applicability before determining whether the TCPA movant has met its initial burden under the first step of the dismissal process.  *See Stickland v. Schlegel*, No. 02-22-00281-CV, 2023 WL 8112889, at *15 (Tex. App.—Fort Worth Nov. 22, 2023, no pet.)

(mem. op.) (recognizing that "when both step one and an exemption are at issue" a court may, in the interests of judicial economy, analyze the contested exemption first because if the exemption applies, "the step one analysis is pointless"); *see also Temple*, 657 S.W.3d at 345–46 (concluding that when a TCPA movant's step one burden and the nonmovant's exemption claim are both disputed, a court may address these issues in any order).  The nonmovant bears the burden of proving the statutory exemption. *NexPoint Advisors, L.P. v. United Dev. Funding IV*, 674 S.W.3d 437, 445 (Tex. App.— Fort Worth 2023, pets. denied); *Temple*, 657 S.W.3d at 343; *Hieber v. Percheron Holdings, LLC*, 591 S.W.3d 208, 211 (Tex. App.—Houston [14th Dist.] 2019, pet. denied).  If the nonmovant proves that an exemption applies to a particular legal action, that action may not be dismissed under the TCPA, and the nonmovant is relieved from making a prima facie case.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.010(a); *Temple*, 657 S.W.3d at 343; *see also Round Table Physicians Grp., PLLC v. Kilgore*, 607 S.W.3d 878, 883 (Tex. App.—Houston [14th Dist.] 2020, pet. denied); *Atlas Survival Shelters, LLC v. Scott*, No. 12-20-00054-CV, 2020 WL 6788714, at *6 (Tex. App.—Tyler Nov. 18, 2020, no pet.) (mem. op.).

Here, DuBose invoked the TCPA exemption excluding DTPA claims from its scope.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.010(a)(7).  This exemption provides that the TCPA does not apply to any "legal action[s]" brought under the DTPA except for those "governed by [Business and Commerce Code]

6

Section 17.49(a)." *Id.* Because DuBose's counterclaim (1) qualifies as a legal action,[4] (2) was brought under the DTPA, and (3) is not governed by Business and Commerce Code Section 17.49,[5] it clearly falls within the claimed exemption. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.010(a)(7). Thus, the trial court properly denied Finkelberg's TCPA motion to dismiss. *See Grant v. Finecy*, No. 02-23-00310-CV, 2023 WL 8940395, at *5 (Tex. App.—Fort Worth Dec. 28, 2023, no pet.) (mem. op.).

## C. The Trial Court Ruled on Finkelberg's Motion to Strike DuBose's Late-Filed Response

Finkelberg contends that the trial court failed to rule on his motion to strike DuBose's response to his TCPA motion as untimely. But the record belies this contention. The trial court's order denying Finkelberg's TCPA motion recited that the trial court had considered Finkelberg's motion to strike and expressly permitted the late filing of DuBose's response "[f]or good cause shown." Thus, we conclude

---

[4]*See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(6) (defining "legal action" to include "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief"); *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 131 (Tex. 2019) (recognizing that a TCPA "'legal action' can consist of . . . a subsidiary action such as a counterclaim"); *see also Ferchichi v. Whataburger Rests. LLC*, No. 23-0568, No. 23-0993, 2025 WL 1350005, at *4–8 (Tex. May 9, 2025) (discussing the scope of the term "legal action" as defined by the TCPA and noting that a counterclaim is one of the enumerated filings contained within the statutory definition).

[5]This statute governs certain actions involving "owner[s] or employees of a regularly published newspaper, magazine, or telephone directory, or broadcast station, or billboard." Tex. Bus. & Com. Code Ann. § 17.49(a). Thus, it is wholly inapplicable to DuBose's counterclaim.

that the trial court considered and ruled on Finkelberg's motion to strike. *See Parker v. Robert Ryan Realtors, Inc.*, No. 14-10-00325-CV, 2010 WL 4226550, at *2 (Tex. App.—Houston [14th Dist.] Oct. 26, 2010, no pet.) (mem. op.) (holding that trial court's statement that it had "consider[ed] . . . [the appellant's] special appearance, the pleadings, the affidavits, and arguments of counsel" suggested that the trial court had considered an amended special appearance—a pleading that was on file at the time the order was signed).

Further, to the extent that Finkelberg contends that the trial court abused its discretion by granting DuBose permission to file its response one day late, we disagree. The TCPA authorizes trial courts to allow parties to respond to a TCPA motion less than seven days before the date of the hearing. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003(e) (providing that a response shall be filed "not later than seven days before the date of the hearing on the motion to dismiss *unless otherwise provided by . . . an order of the court*" (emphasis added)). And because "trial courts have broad discretion to manage and control their dockets," *Castro v. Schlumberger Tech. Corp.*, 673 S.W.3d 294, 305 (Tex. App.—San Antonio 2023, no pet.) (citing *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982)), we review a trial court's decision to allow an untimely TCPA response for an abuse of discretion, *see Drew v. Belver*, No. 04-20-00483-CV, 2021 WL 3518541, at *4 (Tex. App.—San Antonio Aug. 11, 2021, pet. denied) (mem. op.); *see also Est. of Gibson*, No. 06-17-00059-CV, 2017 WL 4799013, at *2 (Tex. App.—Texarkana Oct. 25, 2017, no pet.) (mem. op.) ("We review a trial

court's decision to allow the filing of late-filed pleadings for an abuse of discretion." (citing *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 451 S.W.3d 150, 176 (Tex. App.—Fort Worth 2014), *aff'd*, 505 S.W.3d 580 (Tex. 2016))). Here, nothing in the record suggests that the trial court acted arbitrarily or unreasonably by permitting DuBose to file its response one day late. *See Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 661 (Tex. 2009) ("A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." (citing *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004))). Indeed, as DuBose points out, despite the response's late filing, Finkelberg was nevertheless able to file his own objection and response to it before the hearing. Thus, Finkelberg did not appear to be prejudiced by the response's untimeliness. Under these circumstances, we cannot conclude that the trial court abused its broad discretion by permitting DuBose to file its response one day late.

## D. Finkelberg Failed to Preserve His Complaint Regarding the Trial Court's Purported Ex Parte Communication

Finkelberg complains that "the trial court engage[d] in ex parte communication to conspire to deny Finkelberg's TCPA motion to dismiss." But nothing in the record reflects that Finkelberg objected to any purported ex parte communications in the trial court. Thus, he failed to preserve this complaint. *See* Tex. R. App. P. 33.1(a); *Neely v. Comm'n for Lawyer Discipline*, 302 S.W.3d 331, 351 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (complaint about judge's improper ex parte communication

9

was not preserved because appellant did not object).  Further, even if the issue had been preserved, we would nevertheless overrule it because the record contains no evidence of any alleged ex parte communications.  *See Cammack v. Bank of N.Y. Mellon*, No. 04-18-00278-CV, 2019 WL 2014852, at *1 (Tex. App.—San Antonio May 8, 2019, no pet.) (mem. op.) (holding that appellant had waived complaint that judge should have recused herself based on an alleged ex parte communication because the appellant's "reference to ex parte communication with the trial court [was] outside the appellate record"); *see also Edwards v. Dist. Att'y of Atascosa Cty.*, 511 S.W.3d 257, 260 (Tex. App.—San Antonio 2015, no pet.) (recognizing appellate court may not consider evidence that is not part of the appellate record).

## E.  The Trial Court Did Not Abuse Its Discretion by Awarding DuBose Attorney's Fees

Finkelberg contends that the trial court abused its discretion by awarding DuBose the attorney's fees that he incurred in responding to Finkelberg's TCPA motion because he purportedly did not plead for them.  But the record does not support this contention.

"Because a trial court's judgment must conform to the pleadings, a party seeking attorney's fees must plead for them . . . ."  *Hillegeist Fam. Enters., LLP v. Hillegeist*, 667 S.W.3d 349, 354 (Tex. App.—Houston [1st Dist.] 2022, no pet.) (first citing *Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 658–59 (Tex. 2009); and then citing *Alan Reuber Chevrolet, Inc. v. Grady Chevrolet, Ltd.*,

10

287 S.W.3d 877, 885 (Tex. App.—Dallas 2009, no pet.)). But the party's pleading need only provide "fair notice" of the attorney's fee request. *See id.* This standard is satisfied if the "opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). We review a trial court's award of attorney's fees for an abuse of discretion. *See El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012); *Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996) (orig. proceeding).

Here, DuBose explicitly asked the trial court to award him the attorney's fees that he had incurred in responding to Finkelberg's TCPA motion. Thus, Finkelberg had fair notice of DuBose's attorney's fee request. *See Horizon/CMS Healthcare Corp.*, 34 S.W.3d at 896; *see also Hillegeist*, 667 S.W.3d at 354. Further, because (1) Finkelberg's TCPA motion requested not only the dismissal of DuBose's counterclaim but also an award of sanctions under Chapters 9 and 10 of the Texas Civil Practice and Remedies Code and Chapter 13 of the Texas Rules of Civil Procedure; (2) the Civil Practice and Remedies Code authorizes a trial court to award attorney's fees to "a party prevailing on a motion" for Chapter 10 sanctions, Tex. Civ. Prac. & Rem. Code Ann. § 10.002(c); and (3) the trial court denied Finkelberg's request for Chapter 10 sanctions on the grounds that it had no basis in fact, the trial court acted within its discretion by awarding DuBose attorney's fees.

11

## IV. CONCLUSION

Having determined that all of Finkelberg's appellate complaints are either unpreserved or meritless, we affirm the trial court's order denying Finkelberg's TCPA motion and remand this matter for further proceedings.[6]

/s/ Dana Womack

Dana Womack
Justice

Delivered: May 29, 2025

---

[6]In his brief, DuBose contends that this appeal is frivolous and requests sanctions under Texas Rule of Appellate Procedure 45. *See* Tex. R. App. P. 45. Rule 45 sanctions are appropriate "only if the record clearly shows the appellant has no reasonable expectation of reversal." *Faddoul, Glasheen & Valles, P.C. v. Oaxaca*, 52 S.W.3d 209, 213 (Tex. App.—El Paso 2001, no pet.); *see Smith v. Brown*, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied); *Mid-Continent Cas. Co. v. Safe Tire Disposal Corp.*, 2 S.W.3d 393, 396–97 (Tex. App.—San Antonio 1999, no pet.). But even if an appeal is frivolous, the imposition of sanctions is within our discretion. *Clopton v. Pak*, 66 S.W.3d 513, 517 (Tex. App.—Fort Worth 2001, pet. denied) (citing *Angelou v. African Overseas Union*, 33 S.W.3d 269, 282 (Tex. App.—Houston [14th Dist.] 2000, no pet.)); *see* Tex. R. App. P. 45 (providing that if an appellate court "determines that an appeal is frivolous, it *may* . . . award each prevailing party just damages" (emphasis added)). Having reviewed the parties' briefs and the record in this case, we exercise our discretion not to award DuBose sanctions under Rule 45. *See Clopton*, 66 S.W.3d at 517; *see also Cranberg v. Wilson*, No. 03-03-00389-CV, 2004 WL 101794, at *3 (Tex. App.—Austin Jan. 23, 2004, no pet.) (mem. op.).