Opinion issued July 2, 2019



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00325-CV

———————————

**MASOUD SANATI, Appellant**

**V.**

**KAMRAN ARAB N/K/A KAMRAN ARMANI AZAR, Appellee**

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1091270**

---

### MEMORANDUM OPINION

Appellee Kamran Arab N/K/A Kamran Armani Azar ("Kamran") sued appellant Masoud Sanati for $50,000, the principal amount due on a promissory note. Sanati maintained that the case was more complicated than a typical suit on a promissory note because the men had known each other for decades and had been

involved in other business ventures. Sanati pleaded the affirmative defense of offset, arguing that he had made excess monthly payments to Kamran related to the $50,000 promissory note and that the overpayment should have been applied to the principal indebtedness. Sanati also asserted counterclaims for breach of contract, quantum meruit, and fraud, all relating to other alleged dealings between the men. The trial court granted summary judgment in favor of Kamran, and Sanati appealed.

Sanati raises three issues on appeal, arguing that the trial court erred by granting traditional summary judgment on Kamran's claim (issues 1 and 2), and that the court erred by granting a no evidence summary judgment as to his counterclaims (issue 3).

We reverse the trial court's summary judgment for Kamran because Sanati's summary judgment evidence raised a genuine question of material fact on his affirmative defense of offset. We affirm the trial court's no evidence summary judgment on Sanati's counterclaims because his summary judgment evidence did not support each element of each cause of action.

## Background

Sanati and Kamran had been acquainted for 40 years in 2012, when Kamran transferred $50,000 to Sanati. According to the terms of a promissory note dated May 20, 2012, the $50,000 was a one-year loan from Sanati's "old friend" Kamran

to be used in his "business venture." The promissory note required Sanati to pay $475 in monthly interest payments for twelve months and a balloon payment of the principal amount of the loan, $50,000, on May 19, 2013. Sanati is identified as the borrower in the signature block, which also identified two witnesses and provided spaces for their signatures.

Sanati began making $475 monthly payments in June 2012. These monthly payments continued through February 2017, but Sanati did not make a lump sum payment of $50,000. In March 2017, Kamran sued Sanati for breach of contract, breach of implied contract, and unjust enrichment. Kamran also sought attorney's fees and pre- and post-judgment interest.

Sanati answered, pro se, with a general denial and verified denials, specifically denying that he had signed the promissory note and that there was no consideration for the note. Sanati also pleaded the following affirmative defenses: (1) official mistake; (2) election of remedies; (3) res judicata and collateral estoppel; (4) statute of limitations and laches; (5) offset; (6) offset by counterclaim; (7) waiver; and (8) accord and satisfaction.

In September 2017, Kamran filed a traditional motion for summary judgment on his claims. His summary judgment evidence included his affidavit and an unsigned copy of the promissory note. The trial court did not rule on this

motion for summary judgment, and in November, Sanati filed counterclaims for breach of contract, fraud, and quantum meruit.

Sanati alleged that in May 2012, Kamran asked him for assistance in making investments of at least $500,000 in the United States so that he could qualify for permanent residency. Sanati maintained that he offered Kamran an opportunity to buy his 50% interest in a restaurant and negotiated with his partner to allow the sale to proceed. However, the sale did not proceed because, according to Sanati, Kamran "insisted on a 51% interest for no additional consideration."

Sanati also alleged that he offered Kamran a real estate investment opportunity. Sanati stated that he owned a building company that had successfully developed unimproved property into profitable residential units. He averred that he found an unimproved parcel of land on Anita Street in Houston, and he offered to develop it into three townhouses and share the profit with Kamran. Sanati alleged that Kamran paid for the land by giving his brother Kambiz Aubon money to pay for it. Kambiz then acquired the property in the name of Aubon Property, an entity created by Kambiz's daughter, Delara Aubon, for the purpose of the project. According to Sanati, Kambiz and Delara "represented themselves as agents" for Kamran. Sanati alleged that after he had expended time and money on preliminary development work, Kamran decided not to proceed. He alleged a lost opportunity of approximately $78,000.

In January 2018, Kamran filed another traditional motion for summary judgment as to his claims and a no evidence motion for summary judgment as to Sanati's counterclaims. His summary judgment evidence consisted of: (1) his affidavit, in which he averred that Sanati had not made the $50,000 balloon payment that was due in April 2013 and that after "allowing all offsets, credits, and payments, there is due and owing to me on the contract $50,000.000 plus interest;" (2) a signed copy of the May 2012 promissory note; (3) an email chain from May 2012 regarding Sanati's receipt of the money; (4) bank records showing the monthly $475 payments that Sanati made from June 2012 through February 2017; and (5) an attorney's fees affidavit. In the no evidence motion, Kamran specifically challenged each element of each of Sanati's counterclaims.

In response, Sanati argued that material questions of fact precluded summary judgment because the parties' dispute was "not a simple case of a promissory note and the loan of $50,000.00." Rather, he characterized it as "a five year course of dealing" and asserted that Kamran actually was liable to him. Sanati's summary judgment evidence included his affidavit in which he averred:

> As for the $50,000.00, I do not recall signing the note attached to Plaintiff's Petition. I was not given a copy of that document. I therefore cannot verify the authenticity of that document. I did agree to compensate Plaintiff for holding his money, and paid him $5,700 dollars for that purpose. I also paid him additional funds, totaling $28,000.00. I was under the understanding that $22,000.00 was to be applied to principal.

5

Sanati's affidavit also addressed the other investment opportunities that he had discussed with Kamran: the purchase of an interest in a restaurant and the Anita Street real estate development. Sanati also provided an email chain relating to the proposed Anita Street real estate development and an investment agreement, which was not signed by Kamran. Sanati attached an email from Kamran that referenced the Anita Street real estate investment and requested payment of the $50,000 or alternatively offered to extend the terms of the loan.

Sanati also attached an affidavit from Kamran's brother, Kambiz, who averred that he, Delara, Kamran, and Sanati had discussed jointly participating in the Anita Street real estate development opportunity. He averred that Kamran gave him $120,000 to invest in the project. Kambiz, Delara, and Sanati began work on the project and incurred expenses. However, according to Kambiz, Kamran "refused to sign any contracts, refused paying of any expenses, and demanded the property be deeded to him personally." Finally, Sanati attached letters from two nonparties regarding Kamran's personal reputation and the failed restaurant sale.

The trial court granted summary judgment in favor of Kamran, awarding him $50,000 plus pre- and post-judgment interest and attorney's fees. The court also impliedly granted the no evidence motion for summary judgment as to Sanati's counterclaims.

**Analysis**

Sanati raises three issues on appeal. In his first two issues he challenges the granting of Kamran's traditional motion for summary judgment. He argues that there were genuine issues of material fact and that the court did not view the evidence in a light favorable to him as the nonmovant. In his third issue, he contends that the trial court erred by granting Kamran's no evidence motion for summary judgment because there were genuine issues of material fact.

**I.      Sanati's summary judgment evidence raised a question of fact about the amount owed on the $50,000 loan.**

We review summary judgments de novo. *Tex. Workforce Comm'n v. Wichita Cty.*, 548 S.W.3d 489, 492 (Tex. 2018). A movant for traditional summary judgment must establish that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985); *Wendt v. Sheth*, 556 S.W.3d 444, 448 (Tex. App.—Houston [1st Dist.] 2018, no pet.). To determine whether there is a genuine question of material fact, disputed evidence that is favorable to the nonmovant will be taken as true, and every reasonable inference will be indulged and any doubt resolved in favor of the nonmovant. *See Nixon*, 690 S.W.2d at 548–49.

"When the plaintiff moves for summary judgment, the plaintiff must conclusively prove all elements of its cause of action as a matter of law." *Lujan v.*

*Navistar Fin. Corp.*, 433 S.W.3d 699, 704 (Tex. App.—Houston [1st Dist.] 2014, no pet.). A matter is conclusively proved if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Id.* A nonmovant can defeat a plaintiff's motion for summary judgment on his own claim by coming forward with evidence that creates a genuine question of material fact as to an affirmative defense that has been pleaded by the nonmovant. *Id.*

The affirmative defense of offset, which is sometimes called "payment" or "credit," refers to a debtor's right to have payments to the obligee credited against the total amount owed. *Brown v. Am. Transfer & Storage Co.*, 601 S.W.2d 931, 936 (Tex. 1980); *Mathis v. Benavides*, No. 04-15-00555-CV, 2016 WL 3020893, at *5 (Tex. App.—San Antonio May 25, 2016, pet. denied) (mem. op.). The party asserting offset has the burden of proving facts necessary to support it. *Brown*, 601 S.W.2d at 936; *Mathis*, 2016 WL 3020893, at *5. To raise the defense, evidence must include factual allegations showing specific amounts paid and that the payments were made in satisfaction of the debt sued upon. *See Colony Flooring & Design, Inc. v. Regions Bank*, No. 01-13-00210-CV, 2014 WL 2021823, at *5 (Tex. App.—Houston [1st Dist.] May 15, 2014, no pet.) (mem. op.); *see, e.g., Life Ins. Co. of Va. v. Gar–Dal, Inc.*, 570 S.W.2d 378, 381–82 (Tex. 1978) (conclusory affidavit stating that payments had not been credited toward a debt did not raise fact issue regarding offset); *Stucki v. Noble*, 963 S.W.2d 776, 781–82 (Tex. App.—

8

San Antonio 1998, pet. denied) (checks showing payments of amount owed under note did not raise fact issue regarding offset because the checks were not properly authenticated).

Kamran's summary judgment evidence included the promissory note, which specifically provided that Sanati would pay "interest of $475" "on the 20th day of each month, every month until 19 May 2013, when I will include the principal loan of $50,000 to clear our account." The note itself was silent as to monthly payments after May 2013 and in the absence of the final balloon payment. Kamran's summary judgment evidence also included bank records and his affidavit, both of which showed that Sanati paid $475 each month from June 2012 through February 2017.

Sanati did not dispute that he had not made a final balloon payment of $50,000, but he did dispute that he still owed Kamran $50,000. In addition to pleading a general denial and verified denials that he had signed the promissory note, he also pleaded several affirmative defenses, including offset, waiver, and accord and satisfaction. After Kamran filed his second motion for summary judgment, Sanati responded, arguing that there were material issues of fact that precluded summary judgment and that the parties' dispute went beyond the promissory note due to the parties' five years of business dealings. Although he denied signing the promissory note, he acknowledged having received the $50,000,

and he argued that he had paid Kamran $28,000 in "interest and reimbursement" related to the $50,000. Sanati's sworn affidavit was notarized and based on his personal knowledge. In it, he specified that he had paid $28,000 in regard to the $50,000 indebtedness and that he understood that $22,000 would be applied to the principal. This is some evidence of offset, and it raises a question of fact as to the amount owed on the $50,000 debt. Because Sanati's summary judgment evidence raised a question of fact on his affirmative defense to Kamran's claim, the trial court erred by granting final summary judgment. *See Lujan*, 433 S.W.3d at 704. We sustain the first issue, and we do not need to rule on the second issue. *See* TEX. R. APP. P. 47.1.

## II. Sanati's summary judgment evidence did not raise a question of fact on his counterclaims.

A no evidence motion for summary judgment is essentially a directed verdict granted before trial. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006). A party may move for no evidence summary judgment if, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or defense on which the nonmovant would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The motion must state the elements as to which there is no evidence. *Id.* "The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." *Id.* "We review the evidence presented by the motion and response in the light most

10

favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mack Trucks*, 206 S.W.3d at 582.

Sanati asserted counterclaims for breach of contract, common law fraud, and quantum meruit. These causes of action arise from the investment deals that Sanati alleged he had worked on for or with Kamran to help him establish permanent residency. But his summary judgment evidence did not support each element of each of these causes of action. For example, although Sanati's summary judgment affidavit discusses the inception of their working relationship, it does not establish that the men had a contract. *See B & W Supply, Inc. v. Beckman*, 305 S.W.3d 10, 16 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (elements of breach of contract include existence of a valid contract); *cf. Sewing v. Bowman*, 371 S.W.3d 321, 329 (Tex. App.—Houston [1st Dist.] 2012, pet. dism'd) (citing TEX. BUS. & COM. CODE § 26.01(a), (b)(4)) ("The statute of frauds requires that a promise, agreement, or contract for the sale of real property be in writing and signed by the party to be charged with the promise or agreement.").

Similarly Sanati's fraud claim was not supported by his summary judgment evidence because he did not aver that Kamran made any material false representation on which he relied to his detriment. *See In re FirstMerit Bank,*

11

*N.A.*, 52 S.W.3d 749, 758 (Tex. 2001) (citing *Formosa Plastics Corp. v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)) (elements of fraud include the making of a false and material representation). Sanati averred that he offered an investment opportunity to Kamran, that Kamran agreed to a profit-sharing split, that Kamran gave money to his brother, and that Kamran later decided not to proceed with the project after preliminary work had been done. Whether Kamran agreed to go forward with this opportunity is not specifically mentioned. Sanati averred that he accepted Kambiz and Delara's representations that they were operating on behalf of Kamran due to their familial ties, but he did not aver that Kamran represented that Kambiz and Delara were his agents. Thus, there was no evidence that Kamran made a false and material representation on which Sanati relied to his detriment.

Finally Sanati's summary judgment evidence did not support his claim for quantum meruit. A claimant seeking to recover under a theory of quantum meruit must prove that: (1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) those services and materials were accepted by the person sought to be charged, and were used and enjoyed by him; and (4) the person sought to be charged was reasonably notified that the plaintiff performing such services or furnishing such materials was expecting to be paid by the person sought to be charged. *Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 733

(Tex. 2018). Sanati averred that he performed valuable services toward development of the Anita Street project. Yet his affidavit describes a joint venture in which he would share in profits above the costs of development, not a circumstance in which he expected to be paid for his services. Sanati averred: "Plaintiff further agreed that I could have 50% of the profit above cost as a compensation for finding the project, as well as architectural, engineering platting services and necessary permitting." Taking Sanati's affidavit as true, all that Kamran could have agreed to do was to share the profits with Sanati, not to pay him for labor and services rendered.

Because Sanati's summary judgment proof was not sufficient to raise a question of fact on each element of each of his counterclaims, the trial court did not err by granting Kamran's no evidence summary judgment motion on Sanati's counterclaims. *See* TEX. R. CIV. P. 166a(i). We overrule the third issue.

## Conclusion

We affirm the no evidence motion for summary judgment as to Sanati's counterclaims. We reverse the summary judgment in favor of Kamran because a genuine issue of material fact as to Sanati's affirmative defense of offset exists. We remand Kamran's claims to the trial court for further proceedings consistent with this opinion.


Peter Kelly
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.