**In re GREATER HOUSTON OR-
THOPAEDIC SPECIAL-
ISTS, INC., Relator.**

No. 08–0820.

Supreme Court of Texas.

Aug. 28, 2009.

Mark A. Weycer, The Weycer Law Firm PC, Bellaire, TX, Bonnie Renee Rogers, The Weycer Law Firm PC, Tanya Nicole Garrison, Weycer Kaplan Pulaski & Zuber, P.C., Houston, TX, for Relator.

Peter Michael Zavaletta, The Zavaletta Law Firm, Brownsville, TX, for Real Party in Interest.

PER CURIAM.

Jody Griswold required surgery as a result of allegedly negligent medical care. Griswold and his attorney, Peter Zavaletta, entered into an agreement with Greater Houston Orthopaedic Specialists ("GHOS"), whereby GHOS would perform the surgery in exchange for payment from the anticipated proceeds of Griswold's pending health care liability suit.

GHOS later sued Griswold and Zavaletta in Cameron County, alleging that they failed to pay GHOS approximately $35,000 for medical services rendered. GHOS subsequently nonsuited that action. The nonsuit was signed by GHOS's attorney as "attorney for plaintiff" and included the correct cause number and style, but it identified GHOS as "Orthopaedic Specialists, L.L.P.," omitting the "Greater Houston" predicate. GHOS then sued Griswold and Zavaletta in Harris County. The parties settled, and the Harris County court signed an agreed judgment on January 7, 2008.

Meanwhile, the Cameron County court had not yet dismissed the case. On February 28, 2008, the Cameron County court issued an order notifying the parties that the case would be dismissed for want of prosecution unless they appeared and showed good cause for the matter to remain on the docket. On March 10, Griswold and Zavaletta filed a counterclaim alleging that the Cameron County suit was frivolous. On April 3, the trial court signed an order dismissing the case without prejudice, but on April 7, the court set aside that order and set the case for trial. The court of appeals denied GHOS's request for mandamus relief. 295 S.W.3d 345. We conditionally grant the writ.

■ A plaintiff may nonsuit a case "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence," but dismissal "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief. . . ." TEX.R. CIV. P. 162. "The plaintiff's right to take a nonsuit is unqualified and absolute as long as the defendant has not made a claim for affirmative re-

lief." *BHP Pet. Co. v. Millard,* 800 S.W.2d 838, 840 (Tex.1990). Granting a nonsuit is a ministerial act, and a plaintiff's right to a nonsuit exists from the moment a written motion is filed or an oral motion is made in open court, unless the defendant has, prior to that time, sought affirmative relief. *Greenberg v. Brookshire,* 640 S.W.2d 870, 872 (Tex.1982) (per curiam).

■ Griswold and Zavaletta concede that their counterclaim was first filed after GHOS nonsuited its claims on May 15, 2006. They argue, however, that GHOS's nonsuit was ineffective because it was filed not by the plaintiff, GHOS, but by "Orthopaedic Specialists, L.L.P.," a nonexistent entity. They argue that the first time GHOS effectively moved for nonsuit was April 3, 2008, after they filed their counterclaim. We hold that despite the misnomer, GHOS filed a valid notice of nonsuit before Griswold and Zavaletta filed counterclaims. Therefore, the trial court abused its discretion in setting the case for trial, and we conditionally order the trial court to dismiss the case. A misnomer differs from a misidentification. *Enserch Corp. v. Parker,* 794 S.W.2d 2, 4 (Tex. 1990). Misidentification-the consequences of which are generally harsh[1]—arises when two separate legal entities exist and a plaintiff mistakenly sues an entity with a name similar to that of the correct entity. *Chilkewitz v. Hyson,* 22 S.W.3d 825, 828 (Tex.1999). A misnomer occurs when a party misnames itself or another party, but the correct parties are involved. *Id.* (noting that "[m]isnomer arises when a plaintiff sues the correct entity but misnames it"); *see also Chen v. Breckenridge Estates Homeowners Ass'n, Inc.,* 227 S.W.3d 419, 421 (Tex.App.-Dallas 2007, no pet.) (holding that misnomer occurred when enforcement order referred to actual plaintiff "Breckenridge Estates Homeowners Association, Inc." as "Breckenridge Park Estates No. 1 and No. 2 Homeowner's Association, a Texas non-profit corporation, also identified in the pleadings and known as Breckenridge Estates Homeowners Association, Inc."); *Pierson v. SMS Fin. II, L.L.C.,* 959 S.W.2d 343, 347 (Tex.App.-Texarkana 1998, no pet.) (determining that misnomer occurred when actual plaintiff, SMS II, instead named another entity, SMS I, in its original petition). Courts generally allow parties to correct a misnomer so long as it is not misleading. *See, e.g., Enserch,* 794 S.W.2d at 4–5 (holding that when a plaintiff misnames a defendant, limitations is

1. *See, e.g., Enserch,* 794 S.W.2d at 5 (holding that in the case of a misidentification, "the plaintiff has sued the wrong party and limitations is not tolled"); *State Office of Risk Mgmt. v. Herrera,* 288 S.W.3d 543, 548 (Tex. App.-Amarillo 2009, no pet.) (holding that statute of limitations was not tolled when the State Office of Risk Management sued the Texas Municipal League Intergovernmental Risk Pool and not a city because they are "separate entities" and "not related entities that operate or carry on their respective functions under a similar trade name"). We have, however, allowed equitable tolling of the statute of limitations even in misidentification cases if the correct party had notice of the suit. *Flour Bluff Indep. Sch. Dist. v. Bass,* 133 S.W.3d 272, 274 (Tex.2004) (per curiam) (holding that the statute of limitations may be tolled in a misidentification case "if there are two separate, but related, entities that use a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake."); *Continental Southern Lines, Inc. v. Hilland,* 528 S.W.2d 828, 831 (Tex.1975) (holding that "[w]hile the plaintiff made a mistake in her original petition as to the defendant that should have been sued, it is our opinion that she should be given, under the circumstances here present, an opportunity to prove that the Continental Southern Lines, Inc., was cognizant of the facts, was not misled, or placed at a disadvantage in obtaining relevant evidence to defend the suit").

tolled and a subsequent amendment of the petition relates back to the date of the original petition); *Chen,* 227 S.W.3d at 420 ("A misnomer does not invalidate a judgment as between parties where the record and judgment together point out, with certainty, the persons and subject matter to be bound."); *Sheldon v. Emergency Med. Consultants, I, P.A.,* 43 S.W.3d 701, 702 (Tex.App.-Fort Worth 2001, no pet.) ("[W]hen an intended defendant is sued under an incorrect name, the court acquires jurisdiction after service with the misnomer if it is clear that no one was misled or placed at a disadvantage by the error.").

Typically, misnomer cases involve a plaintiff who has misnamed the defendant, and a petition involving this type of misnomer is nonetheless effective, for limitations purposes, when filed, with any subsequent amendment relating back to the date of the original filing. *See* 1 WILLIAM V. DORSANEO, III ET AL., TEXAS LITIGATION GUIDE § 12.02[4] (2009); *Enserch,* 794 S.W.2d at 4–5. Courts are flexible in these cases because the party intended to be sued has been served and put on notice that it is the intended defendant. *Pierson,* 959 S.W.2d at 347; *see also Charles Brown, L.L.P. v. Lanier Worldwide, Inc.,* 124 S.W.3d 883, 895 (Tex.App.-Houston [14th Dist.] 2004, no pet.) (holding that a misnomer does not render a judgment void "provided the intention to sue the correct defendant is evident from the pleadings and process, such that the defendant could not have been misled"); *see also Adams v. Consol. Underwriters,* 133 Tex. 26, 124 S.W.2d 840, 841 (1939) ("When a corporation intended to be sued is sued and served by a wrong corporate name ... and suffers judgment to be obtained, it is bound by such judgment....").

In a case like this, in which the plaintiff misnames itself, the rationale for flexibility in the typical misnomer case—in which a plaintiff misnames the defendant—applies with even greater force. At this stage in the litigation, there is no risk that Griswold and Zavaletta would not know that GHOS, the sole plaintiff, and the entity named in the caption of the notice of nonsuit, was the entity that had filed the nonsuit. Griswold and Zavaletta counter that "Orthopaedic Specialists, L.L.P." is a nonexistent entity, as their search of Secretary of State records revealed no organization by that name. But this demonstrates only that Griswold and Zavaletta were not under the mistaken assumption that a nonparty with this name filed the notice of nonsuit.

█ Griswold and Zavaletta concede that GHOS—and not a nonparty—moved for nonsuit on April 3, 2008. This motion relates back to May 2006, when GHOS filed the notice of nonsuit containing the misnomer. Because that nonsuit preceded the counterclaim, the trial court abused its discretion in refusing to dismiss the case. *See In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135–36 (Tex.2004); *Greenberg,* 640 S.W.2d at 871. Mandamus relief is appropriate when a trial judge refuses to grant a nonsuit in the absence of a pending claim for affirmative relief. *Greenberg,* 640 S.W.2d at 871–72. Accordingly, without hearing oral argument, TEX.R.APP. P. 52.8(c), we conditionally grant GHOS's petition for writ of mandamus and direct the trial court to vacate its order setting trial and dismiss the case. We are confident the trial court will comply, and our writ will issue only if it does not.