**REDDY PARTNERSHIP/5900 NORTH FREEWAY LP and Reddy Partnership, ETAL., Petitioners,**

v.

**HARRIS COUNTY APPRAISAL DISTRICT, Respondent.**

**No. 11–0400.**

Supreme Court of Texas.

June 29, 2012.

Hugh L. McKenney, John C. Ohrt, Craig James McClelland, McKenney & Associates, P.C., Houston, TX, for Reddy Partnership/5900 North Freeway LP.

G. Todd Stewart, Robert P. McConnell, Olson & Olson LLP, Christopher A. Prine, Houston, TX, for Harris County Appraisal District.

PER CURIAM.

In this ad valorem property tax case, we decide whether a plaintiff's trivial misnomer in its petition for judicial review defeats a trial court's jurisdiction. Because we conclude that it does not, we grant the petition for review, reverse the court of appeals' judgment, and remand the case to the trial court for further proceedings.

The property is located at 5900 North Freeway, in Houston. On June 21, 2002, Reddy Partnership, a Texas general partnership, sold it to Reddy Partnership/5900 North Freeway, L.P., a Texas limited partnership. On April 28, 2008, Harris County Appraisal District (HCAD) mailed a Notice of Appraised Value of the property to "Reddy Partnership, ETAL [sic]." A notice of protest was subsequently filed with HCAD under the same name, contesting the 2008 tax assessment. After a hearing, HCAD's Appraisal Review Board rejected the protest. The Board's order, addressed to "Reddy Partnership, ETAL," was mailed to the partnership's designated agent, O'Connor & Associates.

On September 11, 2008, "Reddy Partnership ETAL, as the property owners, [sic]" timely filed a petition for judicial review challenging the Board's determination. Fifteen months later, after the 45-day statute of limitations to appeal the Board's order had passed, HCAD filed a plea to the jurisdiction, contending that the trial court lacked subject matter jurisdiction over the petition because the plaintiff, "Reddy Partnership," was not the owner of the property on January 1, 2008, and, therefore, lacked standing to seek

judicial review of the Board's order.[1] In support of its plea, HCAD attached a copy of the warranty deed in which Reddy Partnership sold the property to Reddy Partnership/5900 North Freeway, L.P.

In response, Reddy Partnership, ETAL amended the petition to name Reddy Partnership/5900 North Freeway, L.P. as a plaintiff in the suit, and moved to substitute Reddy Partnership/5900 North Freeway, L.P. as Reddy Partnership, ETAL's true name.[2] Reddy Partnership, ETAL also responded to HCAD's plea, arguing that the trial court had jurisdiction because "Reddy Partnership, ETAL" is the common name for Reddy Partnership/5900 North Freeway, L.P., as reflected in HCAD's own records. Reddy Partnership/5900 North Freeway, L.P. argued that it acted under its common name, Reddy Partnership, ETAL, when completing the administrative protest process and timely filing the petition for review. Consequently, it had standing to seek judicial review of the Board's order. It argued that it cured any procedural defect by amending the petition to correct or change its name pursuant to Tax Code section 42.21(e)(1). *See* TEX. TAX CODE § 42.21(e)(1) (providing that a timely filed petition "may be subsequently amended to ... correct or change the name of a party"). And it argued that Rule of Civil Procedure 28 allowed amendment to substitute Reddy Partnership/5900 North Freeway, L.P. as the property owner's true name. *See* TEX.R. CIV. P. 28. (providing that any partnership "doing business under an assumed name may sue or be sued in its partnership, assumed or common name").

The trial court granted HCAD's jurisdictional plea and dismissed the suit. Reddy Partnership, ETAL and Reddy Partnership/5900 North Freeway, L.P. appealed. The court of appeals affirmed, holding that because the suit had not been filed by the property owner, the trial court lacked subject matter jurisdiction. 370 S.W.3d 401, 403. The court of appeals assumed that "Reddy Partnership, ETAL" referred to "Reddy Partnership," the general partnership that previously owned the property. *Id.* at 403. Because "Reddy Partnership" did not own the property as of January 1, 2008, and did not have rights to protest the Board's order as either a lessee or an agent, it lacked standing to contest the Board's order. *Id.* at 405. Nor did Reddy Partnership/5900 North Freeway, L.P. have standing because it did not itself protest the appraisal and the amended petition naming it as a plaintiff was not filed until after the deadline to appeal the order had passed. *Id.* at 405.

The court of appeals rejected petitioner's reliance on Tax Code section 42.21(e)(1). According to the court, section 42.21(e) presupposes that the petition was brought by a proper party with standing to seek judicial review—which "Reddy

---

1. The Texas Legislature has since amended Tax Code section 42.21(a) to extend the time to file a petition for review from forty-five days to sixty days from the board's order, effective June 19, 2009. *See* Acts of May 26, 2009, 81st Leg., R.S., ch. 905, § 1, 2009 Tex. Gen. Laws 2435 (current version at TEX. TAX CODE § 42.21(a)).

2. Apparently, when Reddy Partnership, ETAL amended the petition, it *added* "Reddy Partnership/5900 North Freeway, L.P." as a plaintiff, rather than *substituted* Reddy Partnership/5900 North Freeway, L.P., for Reddy Partnership, ETAL, contrary to what it purported to do in its Rule 28 motion. As a result, the style of the case lists both Reddy Partnership, ETAL and Reddy Partnership/5900 North Freeway, L.P. as plaintiffs, although Reddy Partnership, ETAL's Rule 28 motion and response to HCAD's plea suggest that it intended to substitute the plaintiff's name for another, not to add an additional plaintiff.

Partnership" was not. *Id.* at 405. The court of appeals also held that Rule 28 would not permit substitution in this case because the named entity must show it is in fact doing business under that common name and "Reddy Partnership" failed to make such a showing. *Id.* at 406. The court of appeals concluded that because no proper party timely appealed to the trial court before the statute of limitations passed, the trial court did not acquire subject matter jurisdiction, and the Board's order became final.

Reddy Partnership, ETAL and Reddy Partnership/5900 North Freeway, L.P. petitioned this Court for review, arguing that the trial court erred in granting HCAD's plea because the administrative protest and petition for judicial review were filed by the property owner under its common name. The misnomer, petitioners argue, was corrected by Reddy Partnership, ETAL's amended petition naming Reddy Partnership/5900 North Freeway, L.P. as a plaintiff, which was permitted by section 42.21(e) and Rule 28.

■ As a general rule, a property owner is the only party, other than the chief appraiser, with standing to protest tax liability either at the review board or court. *See* Tex. Tax Code §§ 42.01, 42.02; *Gregg Cnty. Appraisal Dist. v. Laidlaw Waste Sys., Inc.*, 907 S.W.2d 12, 16 (Tex.App.-Tyler 1995, writ denied). But a property owner may designate a lessee or agent to act on its behalf for any purpose under the Tax Code, including filing a tax protest. Tex. Tax Code § 1.111(a) (authorizing a designated lessee or agent to act for a property owner); *id.* § 41.413(b) (authorizing a lessee to protest for the property owner in certain circumstances). Thus, to qualify as a party with standing to seek judicial review of an appraisal review board's tax determination, a party must either be the chief appraiser, an owner of

the property, a designated agent of the owner, or an authorized lessee under Tax Code section 41.413.

In addition, section 42.21(a) of the Tax Code requires "[a] party who appeals" to timely file a petition for judicial review with the trial court. Tex. Tax Code § 42.21(a). If a party fails to timely file a petition with the district court, any appeal is barred and a board's determination becomes final. *See id.* A petition that is timely filed under section 42.21(a) "may be subsequently amended to ... correct or change the name of a party." *Id.* § 42.21(e)(1).

■ The court of appeals incorrectly assumed that "Reddy Partnership" protested the Board's order and filed the original petition for review, even though the record makes clear that the administrative protest and petition were filed under the misnomer "Reddy Partnership, ETAL." Misnomer arises "when a party misnames itself or another party, but the correct parties are involved." *In re Greater Hous. Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex.2009) (per curiam). When the correct party sues or is sued under the incorrect name, "the court acquires jurisdiction after service with the misnomer if it is clear that no one was misled or placed at a disadvantage by the error." *Sheldon v. Emergency Med. Consultants, I, P.A.*, 43 S.W.3d 701, 702 (Tex.App.-Fort Worth 2001, no pet.).

■ This is in contrast to a misidentification, which "arises when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity." *Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex. 1999). A misidentification's consequences are generally harsh, but the same is not true for misnomers. *See In re Greater Hous. Orthopaedic Specialists, Inc.*, 295

S.W.3d 323, 325 (Tex.2009) (per curiam). Courts generally allow parties to correct a misnomer so long as it is not misleading. *Id.* "In a case like this, in which the plaintiff misnames itself, the rationale for flexibility in the typical misnomer case—in which a plaintiff misnames the defendant—applies with even greater force." *Id.* at 326.

Here, HCAD did not question ownership at the administrative level or during the first year and a half of litigation. Nor was HCAD confused or prejudiced. On the contrary, HCAD records referred to the owner of the subject property as "Reddy Partnership, ETAL." HCAD addressed the notice of the appraised value of the property, the notice of protest, and the Board's order determining the protest to "Reddy Partnership, ETAL"—not Reddy Partnership/5900 North Freeway, L.P. Even assuming the owner's name caused confusion, Reddy Partnership, ETAL amended the petition and corrected the name. *See* TEX. TAX CODE § 42.21(e)(1). This amendment relates back to the filing of the original petition. *See In re Greater Hous. Orthopaedic Specialists,* 295 S.W.3d at 326 (noting that a petition involving a misnomer "is nonetheless effective, for limitations purposes, when filed, with any subsequent amendment relating back to the date of the original filing").

The property owner exhausted its administrative remedies and timely filed a petition for judicial review. The trial court acquired jurisdiction to entertain the appeal. We need not reach the petitioners' remaining issues, including whether newly enacted Tax Code section 42.016 provides for jurisdiction in this case. We grant the petition for review, and without hearing oral argument, reverse the court of appeals' judgment and remand the case to the trial court for further proceedings. TEX. R. APP. P. 59.1, 60.2(d).