

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00612-CV

Sage M. **BARRERA** and Jenesey Barrera,
Appellants

v.

Dean T. **CHERER**,
Appellee

From the County Court, Guadalupe County, Texas
Trial Court No. 2013-CV-0077
Honorable Charles Ramsay, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  April 30, 2014

VACATED AND RENDERED

Appellants, Sage and Jenesey Barrera, appeal the county court's judgment in a forcible detainer suit brought by appellee, Dean Cherer. In two issues on appeal, appellants assert (1) appellee lacked standing to bring and maintain a forcible detainer action, and (2) the trial court lacked subject matter jurisdiction because it was required to adjudicate title. We vacate and render judgment dismissing the suit.

**BACKGROUND**

The property at issue was purchased at a tax foreclosure sale by Chererco LLC. The tax deed lists appellee as "Member and Registered Agent" for Chererco LLC. Appellants resided at the property at the time it was purchased by Chererco LLC. After failing to reach a lease agreement with appellants, appellee asked appellants to vacate the property, but appellants refused. Appellee then instituted a forcible detainer suit in the justice court, which awarded appellee possession of the property. Appellants appealed to the county court. Following a trial de novo, the county court also awarded appellee possession of the property. This appeal ensued.

**STANDING**

In their first issue, appellants assert appellee lacked standing to bring and maintain a forcible detainer action because the tax deed lists Chererco LLC as the grantee of the property, and suit was brought by appellee individually, rather than Chererco LLC. Therefore, appellants contend appellee did not have standing to bring the suit.

**1. Standard of Review**

Standing is a component of a court's subject matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993). Subject matter jurisdiction can be raised at any time, including for the first time on appeal. *Id*. at 445. A party's standing is determined at the time suit is filed. *Id*. at 446. Whether subject matter jurisdiction exists is a question of law subject to de novo review. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

**2. Analysis**

Appellee asserts this is an issue of misnomer rather than of standing, arguing he "has a tendency to use the first person singular pronoun when referring both to himself and to his LLC." Misnomer occurs when a party misnames itself or another party, but the correct parties are

involved. *In re Greater Hous. Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009). "When the correct party sues or is sued under the incorrect name, 'the court acquires jurisdiction after service from the misnomer if it is clear that no one was misled or placed at a disadvantage by the error.'" *Reddy P'ship/5900 N. Freeway LP v. Harris Cnty. Appraisal Dist.*, 370 S.W.3d 373, 376 (Tex. 2012) (quoting *Sheldon v. Emergency Med. Consultants, I, P.A.*, 43 S.W.3d 701, 702 (Tex. App.—Fort Worth 2001, no pet.)).

In support of his assertion, appellee cites to *In re Greater Houston Orthopaedic Specialists* and *Reddy Partnership/5900 North Freeway LP*, arguing the circumstances of those cases, where misnomer was found, are analogous to the circumstances of this case. We disagree. In both of those cases, the correct parties to the suit were involved in the litigation at the time the issue of misnomer arose. *See Reddy P'ship/5900 N. Freeway LP*, 370 S.W.3d at 376;[1] *In re Greater Hous. Orthopaedic Specialists, Inc.*, 295 S.W.3d at 325–26.[2] Thus, because the correct parties were involved, the trial court acquired jurisdiction after service with the misnomer because it was clear no party was misled or placed at a disadvantage by the error. Therefore, in order for misnomer to apply in this case, appellee must have been the correct party to bring the underlying forcible detainer suit.

---

[1] In *Reddy Partnership*, an administrative protest and petition for judicial review were filed by the property owner under its common name. Petitioners argued on appeal that the misnomer was corrected by Reddy Partnership, ETAL's amended petition naming Reddy Partnership/5900 North Freeway, L.P. as a plaintiff. 370 S.W.3d at 376. The Supreme Court held the court of appeals incorrectly assumed that "Reddy Partnership" protested the appraisal board's order and filed the original petition for review, even though the record made clear that the administrative protest and petition were filed under the misnomer "Reddy Partnership, ETAL." *Id.*

[2] In *In re Greater Houston Orthopaedic Specialists*, the plaintiff "Greater Houston Orthopaedic Specialists, LLP" misidentified itself in its motion for nonsuit as "Orthopaedic Specialists, LLP." 295 S.W.3d at 324. The defendants argued this nonsuit was ineffective because a non-existent entity filed for nonsuit, not the actual plaintiff. *Id.* at 325. The Supreme Court held that the rationale for a typical "misnomer" case, where a plaintiff misnames a defendant, should apply, particularly because there was no actual risk that the plaintiff would think that an entity other than the plaintiff filed for nonsuit—the other entity did not exist. *Id.* at 326. Therefore, the Court reasoned, relation back was proper. *Id.* at 326.

Chererco LLC is a limited liability company, and appellee is a member of Chererco LLC. A limited liability company is considered a separate legal entity from its members. *See Geis v. Colina Del Rio, LP*, 362 S.W.3d 100, 109 (Tex. App.—San Antonio 2011, pet. denied) (recognizing limited liability company legally distinct from member); *Sanchez v. Mulvaney*, 274 S.W.3d 708, 712 (Tex. App.—San Antonio 2008, no pet.) (same). A member of a limited liability company does not have an interest in any specific property of the company. TEX. BUS. ORGS. CODE ANN. § 101.106(b) (West 2012). "A member of a limited liability company may be named as a party in an action by . . . the limited liability company only if the action is brought to enforce the member's right against or liability to the company." *Id*. § 101.113.

In this case, appellee did not bring suit against appellants for the purpose of enforcing his right against or liability to Chererco LLC. Instead, he brought the forcible detainer suit himself and, subsequently, acquired possession of the property that allegedly belongs to Chererco LLC. A member of a limited liability company lacks standing to assert claims individually where the cause of action belongs to the company *See Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 250–51 (Tex. App.—Dallas 2005, no pet.); *see also Wingate v. Hajdik*, 795 S.W.2d 717, 719 (Tex. 1990) (individual stakeholder of a legal entity does not have right to personally recover for harms done to the legal entity). Therefore, we conclude appellee was not the correct party to bring the underlying suit against appellants. Consequently, we conclude misnomer does not apply in this case, and appellee lacked standing to bring a forcible detainer action against appellants.

Appellee also contends appellants failed to raise the issue of standing with the trial court. He argues had standing been challenged, the trial court would have allowed the pleadings to be amended. However, because we have concluded appellee lacked standing to sue appellants, his petition could not be amended to confer subject matter jurisdiction on the trial court. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 446 (standing determined at time suit filed); *see also Gonzalez v.*

*Greyhound Lines, Inc.*, 181 S.W.3d 386, 393 (Tex. App.—El Paso 2005, pet. denied) ("Since appellants collectively lacked standing to sue the defendant in their lawsuit, their petition could not be amended to confer subject matter jurisdiction on the trial court.").

## CONCLUSION

For the reasons stated above, we vacate the county court's judgment and render judgment dismissing the forcible detainer suit brought by appellee.[3]

Sandee Bryan Marion, Justice

---

[3] Having concluded appellee lacked standing to initiate a forcible detainer proceeding, we need not address appellants' second issue. *See* TEX. R. APP. P. 47.1.