# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00680-CV

**Austin Tapas, LP d/b/a Malaga Tapas & Bar, and Greg Schnurr, Appellants**

**v.**

**Performance Food Group, Inc., Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-16-012359, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Austin Tapas, LP, d/b/a Malaga Tapas & Bar, and Greg Schnurr appeal from the trial court's judgment in favor of appellee Performance Food Group, Inc. (PFG) in its suit for breach of contract. We will affirm the judgment.

## BACKGROUND

Austin Tapas, LP operated Malaga Tapas & Bar (since closed) in downtown Austin. PFG supplied food products to Malaga from July 2014 to early 2017. After Austin Tapas, LP failed to pay invoices totaling $6,795.75 for goods PFG had delivered to Malaga, PFG filed a suit on a sworn account against Austin Tapas, LP to recover the invoiced amounts.[1] *See* Tex. R. Civ. P. 185 (suit on account). PFG also sued Greg Schnurr, alleging that he is the

---

[1] PFG asserted additional related claims in its petition, but it urged only its breach-of-contract claim at trial.

general partner of Austin Tapas, LP. As support for its claim, PFG attached to its petition, and later had admitted in evidence, a document titled "Customer Account Application." The application names the purchaser as having the "legal business name" of "Austin Tapas, LLC," doing business under the trade name of "Malaga Tapas & Bar." The application is signed by Schnurr and identifies him as the person "authorized to sign checks" and as "Principal Owner or Officer" of Austin Tapas, LLC, and lists his title as "General Partner."

In response to PGF's suit, Austin Tapas, LP and Schnurr filed an unsworn answer generally denying the allegations and asserting various affirmative defenses, including that Austin Tapas, LP was not a party to the Customer Account Application because that document names "Austin Tapas, LLC" as the purchaser not Austin Tapas, LP, and that Schnurr was not individually liable for the debt because he was not a general partner of Austin Tapas, LP.

After a bench trial, the trial court rendered judgment that Austin Tapas, LP and Schnurr were jointly and severally liable to PFG for $6,795.75 plus interest and attorney fees. In support of its judgment, the trial court made findings of fact and conclusions of law including, among other matters not at issue here, that:

1. . . . Defendant Greg Schnurr signed a contract titled "CUSTOMER ACCOUNT APPLICATION" that identified [Schnurr] as "General Partner" and "Authorized Agent of Purchaser" and identified "Austin Tapas, LLC" as "Applicant" and "Purchaser."

2. In fact, Defendant Schnurr served as General Partner of and was employed as General Manager by Defendant Austin Tapas, LP d/b/a Malaga Tapas & Bar

3. Defendant Austin Tapas, LP proceeded to accept from and pay for goods and services provided by Plaintiff as contemplated in the contract.

2

4. . . . Defendant Austin Tapas, LP defaulted on its payments for goods and services it accepted from Plaintiff in the amount of $6,795.[75].[2]

5. . . . Austin Tapas, LP admitted accepting such goods and services and to the amounts Plaintiff alleged were due and owing.

Based on these findings, the trial court concluded that Schnurr was liable to PFG "as general partner of Austin Tapas, LP" and that Schnurr and Austin Tapas, LP were jointly and severally liable to PFG for the damages awarded by the judgment. Austin Tapas, LP and Schnurr filed this appeal.

## ANALYSIS

On appeal, Austin Tapas, LP and Schnurr challenge the judgment in two issues, arguing that the trial court erred (1) in finding Austin Tapas, LP and Shnurr liable under the Customer Account Application because that document names "Austin Tapas, LLC" as the purchaser, not Austin Tapas, LP; and (2) in finding that Schnurr is personally liable for Austin Tapas, LP's debt as its general partner.

### Standard of Review

Based on the arguments made in their appellate brief, we construe Austin Tapas, LP and Schnurr's issues as challenges to the legal and factual sufficiency of the evidence supporting the trial court's findings. When a party attacks the legal sufficiency of the evidence supporting an adverse finding on an issue on which it did not have the burden of proof, as appellants do here, it must demonstrate on appeal that no evidence supports the adverse finding.

---

[2] The findings of fact establish the amount owed as $6,795.95, but we use the amount reflected in the trial court's final judgment, its conclusions of law, and PFG's petition—i.e., $6,795.75—because the parties do not challenge it and the difference is de minimis.

*Graham Cent. Station, Inc. v. Pena*, 442 S.W.3d 261, 263 (Tex. 2014). We will sustain a legal-sufficiency challenge if the evidence offered to prove a vital fact is no more than a scintilla. *Id.* In conducting our review, we credit evidence that supports the verdict if reasonable jurors could have done so and disregard contrary evidence unless reasonable jurors could not have done so. *Id.*

In a factual-sufficiency review, we consider and weigh all of the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005) (distinguishing between legal- and factual-sufficiency standards, explaining that legal-sufficiency review generally disregards contrary evidence and factual-sufficiency review weighs all evidence); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). When the appellant challenges the factual sufficiency of the evidence supporting a finding on an issue on which it did not have the burden of proof at trial, as appellants do here, we set aside the verdict only if the evidence supporting the finding is so weak as to make the judgment clearly wrong and manifestly unjust. *See Cain*, 709 S.W.2d at 176. The fact finder is the sole judge of the witnesses' credibility and it may choose to believe one witness over another. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003) (citing *Jones v. Tarrant Util. Co.*, 638 S.W.2d 862, 866 (Tex. 1982)).

**Existence of a Contract Between PFG and Austin Tapas, LP.**

In their first issue, appellants contend that the trial court erred in finding them liable under the Customer Account Application because that document names "Austin Tapas, LLC" as the purchaser, not Austin Tapas, LP. More specifically, they argue that the finding was error because there is no contract between PFG and Austin Tapas, LP. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 (Tex. 2018) (noting that claim for breach of contract requires proof of, among other elements, the existence of a contract). The existence of a contract

4

is a question of fact for the factfinder, here the trial court. *See Scott v. Ingle Bros. Pacific, Inc.*, 489 S.W.2d 554, 556 (Tex. 1972).

PFG argued at trial that the Customer Account Application's listing of "Austin Tapas, LLC" as the purchaser was an error and that the parties instead intended that Austin Tapas, LP would be bound by the terms of the Customer Account Application. Stated differently, PFG essentially argued at trial that using the wrong name in the agreement was a misnomer, which occurs when a party misnames itself or another party, but the correct parties are involved in the transaction. *See In re Greater Hous. Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009). A misnomer in a contract may be corrected where (1) the unnamed/misnamed proper party to the contract was not misled by the misnomer; (2) the identity of the unnamed/misnamed proper party is apparent from the contract at issue; and (3) the parties intended the unnamed/misnamed party to be the contracting party. *See AmeriPath Inc. v. Hebert*, 447 S.W.3d 319, 344 (Tex. App.—Dallas 2014, pet. denied). These three criteria are satisfied here.

PFG admitted into the record evidence showing that "Austin Tapas, LLC" does not exist and that someone, possibly a PFG representative, had written that name on the Customer Account Application by mistake. Schnurr testified that putting "LLC" instead of "LP" on the contract was an error and he acknowledged that the invoices are owed by the LP. The record also establishes that Austin Tapas, LP admitted in discovery responses that it accepted, but did not pay for, the $6,795.75 in "goods, wares, merchandise, or services" that PFG delivered, and that the prices reflected in the unpaid invoices were "the prices agreed to by" Austin Tapas, LP and PFG. Appellants did not offer any evidence to the contrary.

Although the trial court did not make any findings specific to the misnomer issue, we can presume such findings. *See* Tex. R. Civ. P. 299 (omitted findings). And crediting only the evidence that tends to support these implied findings, we hold that there is legally sufficient evidence to support the trial court's implied findings that "Austin Tapas, LLC" was a misnomer subject to correction and that Austin Tapas, LP was the purchaser under the agreement, and the trial court's finding that, as a result, Austin Tapas, LP was a party to the Customer Account Application. *See Graham Cent. Station*, 442 S.W.3d at 263 (noting that legal-sufficiency review requires crediting evidence that supports the verdict if reasonable jurors could have done so and disregarding contrary evidence unless reasonable jurors could not have done so); *AmeriPath*, 447 S.W.3d at 344 (misnomer). Likewise, considering all the evidence, the evidence supporting the finding is not so weak as to make the judgment clearly wrong and manifestly unjust. *See Cain*, 709 S.W.2d at 176 (factual-sufficiency standard).

We overrule Austin Tapas, LP and Schnurr's first issue.

**Schnurr's Liability**

In their second issue, Austin Tapas, LP and Schnurr challenge the trial court's finding that Schnurr is personally liable for Austin Tapas, LP's debts as its general partner. *See Asshauer v. Wells Fargo Foothill*, 263 S.W.3d 468, 474 (Tex. App.—Dallas 2008, pet. denied) (noting general partners of limited partnership are jointly and severally liable with each other and with partnership for partnership debts); *see also* Tex. Bus. Orgs. Code § 153.152(b) ("Except as provided by this chapter or the other limited partnership provisions, a general partner of a limited partnership has the liabilities of a partner in a partnership without limited partners to a person other than the partnership and the other partners."). The record includes a copy of the Customer

6

Account Application, which was signed by Schnurr and names Schnurr as "general partner." Further, Schnurr admitted in testimony that he signed the application and he also acknowledged that his personal information in the document—his date of birth and his driver-license number—was correct and must have been provided to whomever filled out the document. This evidence constitutes more than a scintilla of evidence to support the trial court's finding that Schnurr is the general partner of Austin Tapas, LP. As such, it is legally sufficient. *See, e.g.*, *Tarrant Reg'l Water Dist. v. Gragg*, 151 S.W.3d 546, 552 (Tex. 2004), *holding modified by Gilbert Wheeler, Inc. v. Enbridge Pipelines (E. Tex.), L.P.*, 449 S.W.3d 474 (Tex. 2014) ("If the record contains more than a scintilla of evidence that supports the finding, we must sustain it."); *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex.1995) ("More than a scintilla of evidence exists where the evidence supporting the finding, as a whole, rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.").

We also conclude that the evidence was factually sufficient to support the trial court's finding that Schnurr is the general partner. Although Schnurr testified that he is not the general partner of Austin Tapas, LP; that GWSLLS, LLC is the general partner; and that he did not write on the application that he was general partner, the trial court, as the trier of fact, was the sole judge of the credibility of the witnesses and entitled to resolve conflicts in the evidence, including deciding to believe or disbelieve a witness. *See City of Keller*, 168 S.W.3d at 819 (noting that factfinders "are the sole judges of the credibility of the witnesses and the weight to give their testimony. They may choose to believe one witness and disbelieve another."); *Golden Eagle Archery*, 116 S.W.3d at 761 (same). Notably, neither Schnurr nor Austin Tapas, LP offered any additional evidence regarding Austin Tapas, LP's formation or organizational structure. Accordingly, on the record before us we cannot conclude that the evidence supporting

7

the trial court's finding regarding Schnurr's status as general partner is so weak as to make the judgment clearly wrong and manifestly unjust. Accordingly, the evidence is factually sufficient. *See Cain*, 709 S.W.2d at 176 (factual-sufficiency standard).

We overrule appellants' second issue.

## Conclusion

Having overruled Austin Tapas, LP and Schnurr's issues, we affirm the judgment.

_____
Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Kelly and Smith

Affirmed

Filed: August 1, 2019