**Opinion issued August 10, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00523-CV

————————————

**J.R. ARGO, Appellant**

**V.**

**USAA CASUALTY INSURANCE COMPANY, Appellee**

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2021-30588**

---

## MEMORANDUM OPINION

Appellant, J.R. Argo, challenges the trial court's rendition of summary

judgment in favor of appellee, USAA Casualty Insurance Company ("USAA-CIC"),

in his suit against USAA-CIC for breach of contract, breach of the duty of good faith

and fair dealing, and violations of the Texas Insurance Code. In two issues, Argo contends that the trial court erred in granting USAA-CIC summary judgment.

We affirm.

## Background

Argo filed an original petition bringing claims against USAA-CIC on May 21, 2021, but that petition was not served on USAA-CIC. On July 28, 2021, Argo filed his first amended petition and a "Request for Issuance of Service" by citation to "USAA Casualty Insurance Company" through its agent, Corporation Service Company, in Austin, Texas. USAA-CIC's registered agent was served with citation on August 24, 2021.

In his first amended petition, Argo alleged that he owned a property in Cypress, Harris County, Texas ("the property") that was insured by "USAA." On or about May 9, 2019, "a hailstorm and/or windstorm" caused "extensive damage" to the "roof and interior" of the property.

Argo "submitted a claim to USAA" for property damage and "requested that USAA cover the cost of repairs," including the "replacement of the roof[]." According to Argo, an adjuster working under contract for USAA "conducted a substandard inspection" of the property and "failed to recognize" that the damages to the property "were caused by the [s]torm." After Argo notified USAA "of the improper adjustment," USAA hired an engineer to inspect the property. The

2

engineer "concluded that he could find no wind or hail damage to [Argo's] roof." As a result, USAA denied Argo's insurance claim.

Based on those allegations, Argo brought claims against USAA-CIC for breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code.[1] On November 5, 2021, he filed a second amended petition which asserted substantially the same claims as his first amended petition and named "USAA" as the defendant in the body of his pleading. But Argo did not request issuance of service by citation on USAA or otherwise seek to join USAA as a defendant.[2]

USAA-CIC answered, generally denying Argo's allegations and including a verified plea in which it denied having issued "the homeowner's insurance policy" for the property. USAA-CIC argued that there was "a misidentification because [Argo] named and served the incorrect entity." USAA-CIC also asserted that Argo failed to provide the proper written notice required" for his claims under the Texas Insurance Code. And USAA-CIC maintained that Argo's claims were "barred by [the statute of] limitations because [Argo had] failed to exercise diligence in procuring service . . . within the limitations period."

---

[1] *See* TEX. INS. CODE ANN. §§ 541.060(a)(4), (7), 542.060.

[2] USAA did not file an answer and is not a party to this appeal.

USAA-CIC then moved for summary judgment, arguing that it was entitled to judgment as a matter of law on Argo's claims against it because it was not the entity that had issued Argo's homeowner's insurance policy. USAA-CIC explained that the insurance company that had issued Argo's homeowner's insurance policy, USAA, was "a separate legal entity" from USAA-CIC. Thus, according to USAA-CIC, Argo's breach-of-contract claim failed as did his extra-contractual claims for violations of the Texas Insurance Code and breach of the duty of good faith and fair dealing.

Second, USAA-CIC argued that it was entitled to judgment as a matter of law on Argo's claims "because they [were] barred by [the applicable statute of] limitations." Argo's claims accrued on May 22, 2019, the date that USAA denied coverage under his homeowner's insurance policy. Further, Argo's homeowner's insurance policy "permissibly shortened" the applicable statute of limitations period by providing "that claims for breach of the insurance policy [had to] be brought within two years and one day after the cause of action accrues."[3] (Internal quotations omitted.) The same contractual two-year limitations period also applied to Argo's claims for violations of the Texas Insurance Code and breach of the duty of good faith and fair dealing. Thus, according to USAA-CIC, the statute of limitations

---

[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16,070(a); *Hewlett Packard Co. v. Benchmark Elecs.*, 142 S.W.3d 554, 560 (Tex. App.—Houston [14th Dist.] 2004, pet. denied).

expired no later than May 23, 2021, and Argo did not serve USAA-CIC until August 24, 2021, "after limitations had expired."

USAA-CIC also explained that the statute of limitations could not have been tolled under the "equitable tolling doctrine" because Argo's initial error in not identifying the proper defendant constituted misidentification, not misnomer, and when a plaintiff sues the wrong party limitations is not tolled.

Third, USAA-CIC argued that it was entitled to judgment as a matter of law on Argo's claims because they were barred by the statute of limitations and his delay in effecting service "demonstrate[d] a lack of due diligence as a matter of law." Argo "delayed for [sixty-four] days before requesting citation on the correct registered agent," and then it did not serve USAA-CIC's registered agent until twenty-seven days after that request.

In his response to USAA-CIC's summary-judgment motion, Argo argued that his "partial error" in suing USAA-CIC rather than USAA was a "case of misnomer" because he had served "the correct agent and clearly referenced the USAA policy in his petition." "USAA [was] the parent company of USAA-CIC," and "[t]hey share[d] the same registered agent, phone number, fax number, and business address." Further, according to Argo, "USAA could not have been prejudiced [by his mistake] because it received notice of the []suit when the correct registered agent was served with [his] petition that referenced th[e] correct USAA policy number."

Thus, Argo asserted that his "amended petition should relate back to the original petition's filing date," which was "within the [statute of] limitations period."

Argo also asserted that he had raised a fact issue as to whether he had exercised due diligence in serving "USAA's registered agent." He "mistakenly and unintentionally" served the wrong registered agent after having listed the wrong registered agent in his original petition. He did not realize his mistake until after the deadline for a defendant to file an answer had passed. Argo then "filed his [f]irst [a]mended [p]etition" to name "USAA's correct registered agent," but "[d]ue to an absence of the normal filing staff" in his attorney's law office, another staff member filed the first amended petition, and it was only later "discovered that citations were not issued for the [f]irst [a]mended [p]etition." "Immediately upon discovery" of that error, citations were requested and "service was perfected shortly after."

In its reply, USAA-CIC pointed out that Argo did not offer any evidence to dispute the fact that USAA-CIC and USAA were "separate legal entities," making this a case of misidentification and not misnomer. Further, according to USAA-CIC, the equitable tolling doctrine did not apply because the correct entity did not have notice of the suit within the statute of limitations period.

The trial court granted summary judgment in favor of USAA-CIC on Argo's claims against it and ordered that Argo take nothing on his claims.

## Standard of Review

We review a trial court's decision to grant summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In conducting our review, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating*, 164 S.W.3d at 661; *Knott*, 128 S.W.3d at 215. When, as here, the trial court does not specify the grounds on which it granted summary judgment, we must affirm if any of the summary-judgment grounds are meritorious. *See Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

To prevail on a matter-of-law summary-judgment motion, a movant has the burden of establishing that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). When a defendant moves for summary judgment on the plaintiff's claim, it must either (1) disprove at least one essential element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of its affirmative defense, thereby defeating the plaintiff's cause of action. *Cathey*, 900 S.W.2d at 341; *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). Once the movant meets its burden, the burden shifts to the non-movant

7

to raise a genuine issue of material fact precluding summary judgment. *See Siegler*, 899 S.W.2d at 197; *Transcont'l Ins. Co. v. Briggs Equip. Tr.*, 321 S.W.3d 685, 691 (Tex. App.—Houston [14th Dist.] 2010, no pet.). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

## Summary Judgment

In his first issue, Argo argues that the trial court erred in granting summary judgment in favor of USAA-CIC on his claims against it because he raised a fact issue as to whether his claims against USAA related back to the date of the filing of his original petition and thus were not barred by the applicable two-year statute of limitations period. Argo asserts that it was misnomer, and not misidentification, when he "inadvertently named [USAA-CIC] instead of [USAA]" in his petition.

"[A] misnomer occurs when a party misnames itself or another party, but the correct parties are involved." *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 594 (Tex. 2017) (internal quotations omitted); *see also Giles v. Giles*, No. 01-20-00571-CV, 2022 WL 2251814, at *4 (Tex. App.—Houston [1st Dist.] Jan. 8, 2009, no pet.) (mem. op.) (when correct defendant is served under wrong or misspelled name, case is one of misnomer); *Cybiz, Inc. v. Gaskill*, No. 14-16-00405-CV, 2017 WL 1015560, at *2 (Tex. App.—Houston [14th Dist.] Mar.

8

14, 2017, no pet.) (mem. op.). Generally, courts allow parties to correct a misnomer if it is not misleading. *Rincones*, 520 S.W.3d at 594.

Misidentification, on the other hand, occurs "when two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity." *Reddy P'ship v. Harris Cnty. Appraisal Dist.*, 370 S.W.3d 373, 376 (Tex. 2012) (internal quotations omitted); *Giles*, 2022 WL 2251814, at *3. The consequences of misidentification are "generally harsh." *Rincones*, 520 S.W.3d at 594; *Reddy P'ship*, 370 S.W.3d at 376. For example, if a "plaintiff is mistaken as to which of two defendants is the correct one and there is actually existing a corporation with the name of the erroneously named defendant (misidentification), then the plaintiff has sued the wrong party and [the statute of] limitations is not tolled." *Enserch Corp. v. Parker*, 794 S.W.2d 2, 5 (Tex. 1990).

Here, the undisputed evidence shows that USAA-CIC and USAA are two separate legal entities, making this a case of misidentification. Yet USAA-CIC and USAA are related entities. When misidentification involves related entities, an equitable exception to the general rule for misidentification cases may apply. *See Flour Bluff Indep. Sch. Dist. v. Bass*, 133 S.W.3d 272, 274 (Tex. 2004). "The statute of limitations will be tolled in misidentification cases if there are two separate, but related, entities that use a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake." *Id.* This exception

9

requires proof that the correct entity received actual notice of the plaintiff's suit within the statute of limitations period. *See Bell v. XTC Cabaret (Dallas), Inc.*, No. 05-21-00294-CV, 2022 WL 1420974, at *3 (Tex. App.—Dallas May 5, 2022, no pet.) (mem. op.); *Burchinal v. PJ Trailers-Seminole Mgmt. Co., LLC*, 372 S.W.3d 200, 212–13 (Tex. App.—Texarkana 2012, no pet.); *Mishak v. Wilhelm*, No. 10-05-00177-CV, 2006 WL 949891, at *1 (Tex. App.—Waco Apr. 12, 2006, no pet.) (mem. op.); *Torres v. Johnson*, 91 S.W.3d 905, 908 (Tex. App.—Fort Worth 2002, no pet.).

Argo notes that USAA-CIC and USAA "share[d] a registered agent, as well as an address, telephone number, and fax number" and "they also share[d] the same law firm." He also points out that he identified his insurance policy as a USAA policy and put the policy number in his petition. But that evidence does not raise a fact issue as to whether USAA had actual notice of Argo's suit. *See Bell*, 2022 WL 1420974, at *3 ("The fact that businesses have the same registered agent and the same attorneys is not evidence that they were aware of whom [plaintiffs] intended to sue."). Texas law presumes that two separate corporations are distinct entities, and no evidence shows that "the corporate form has been used as part of a basically unfair device to achieve an inequitable result" such that USAA-CIC's knowledge should be imputed to USAA. *See SSP Partners v. Gladstrong Invs. (USA) Corp.*,

275 S.W.3d 444, 451 (Tex. 2008); *cf. BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 798 (Tex. 2002).

Further, the record shows that while Argo filed his suit within the statute of limitations period, he did not serve USAA-CIC with citation until after the statute of limitations had expired.[4] That delay precludes Argo from showing that USAA received actual notice of Argo's suit within the limitations period as required to qualify for the equitable exception to the general rule for misidentification cases. Thus, we conclude that the trial court did not err in granting summary judgment in favor of USAA-CIC based on the statute of limitations.

We overrule Argo's first issue.[5]

## Conclusion

We affirm the order of the trial court.

Julie Countiss
Justice

---

[4] We express no opinion about whether or how this equitable tolling doctrine applies to a contractual limitations period. *See* TEX. R. APP. P. 47.1.

[5] Because of our disposition of Argo's first issue, we do not reach his second issue. *See id.*; *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (appellate courts affirm summary judgment if any asserted ground is meritorious).

Panel consists of Justices Landau, Countiss, and Guerra.