**Opinion issued August 28, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00558-CV

———————————

**SIMON STEPHEN, Appellant**

**V.**

**YSKJS LLC, Appellee**

---

**On Appeal from the 165th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-29590**

---

## MEMORANDUM OPINION

This case arises from a bill of review proceeding that challenged a default judgment in a contract dispute. Appellant Simon Stephen contends that the trial court lacked personal jurisdiction over him because service of process was invalid. We affirm.

**Background**

Appellee YSKJS LLC sued Simon Stephen for breach of a commercial lease agreement. Stephen was served at his residence, but he did not answer the lawsuit. YSKJS sent him, via certified mail, two motions for default judgment and notices of hearings on those motions. Stephen did not respond. The court entered a default judgment against Stephen in December 2020.

After a court-ordered receiver executed on the default judgment, Stephen filed a petition for bill of review to vacate the judgment. He argued that service was defective because the citation prepared by the clerk misspelled his first name as "Simom," rather than Simon. Stephen moved for summary judgment on his bill of review, but the trial court denied the motion. The parties entered an agreed statement of facts; Stephen moved for reconsideration of the order denying his motion for summary judgment; and both parties asked the trial court to enter judgment in their respective favor. The trial court denied Stephen's motion for reconsideration of its denial of summary judgment and signed a final judgment denying Stephen's bill of review. Stephen appealed.

**Service of Process**

In his sole issue on appeal, Stephen contends that the trial court erroneously denied his bill of review. He argues that the underlying default judgment is void

2

because the trial court never acquired personal jurisdiction over him due to improper service. We disagree and affirm the judgment of the trial court.

## A. Agreed Facts

The parties submitted agreed facts to the trial court. These facts included:

- The petition named the defendant as Simon Stephen, and the citation listed the defendant as "Simom Stephen."

- The affidavit of service (return) stated that the citation and the original petition were delivered to "Stephen, Simon."

- The process server testified by affidavit that she personally delivered the citation and petition to "a male who identified himself as 'Simon Stephen' at his residential address" in Missouri City, Texas.

- Simon Stephen was actually served with the citation and affidavit of service.

- Appellee mailed, via certified mail, copies of its motion for final default judgment to Simon Stephen at his residential address, and in December 2020, the court signed a final default judgment which references the plaintiff as Simon Stephen.

- Simon Stephen does not claim that he was misled by the citation listing the defendant as "Simom Stephen."

## B. Standard of Review and Applicable Law

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). Bill of review plaintiffs must ordinarily plead and prove (1) a meritorious defense to the underlying cause of action; (2) which the plaintiffs were prevented from making by

3

the fraud, accident, or wrongful act of the opposing party, or official mistake, (3) unmixed with any fault or negligence on their own part. *Id.* When a bill of review plaintiff claims non-service, as Stephen does here, he is relieved from proving the first two elements, but he still must prove the judgment was unmixed with his own fault or negligence. *Id.* Where, as here, the parties submitted agreed facts to the trial court, we review de novo the application of the law to the agreed facts. *See Harris Cty. Appraisal Dist. v. Tex. Gas Transmission Corp.*, 105 S.W.3d 88, 91 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

A default judgment is void unless the record shows strict compliance with the rules governing issuance, service, and return of citation. *Huynh v. Vo*, No. 01-02-00295-CV, 2003 WL 1848607, at *2 (Tex. App.—Houston [1st Dist.] Apr. 10, 2003, no pet.) (mem. op.). There are no presumptions in favor of valid issuance, service, or return of citation. *Id.* When the attempted service of process is invalid, the trial court does not acquire jurisdiction over the defendant, and the default judgment is void. *Giles v. Giles*, No. 01-20-00571-CV, 2022 WL 2251814, at *3 (Tex. App.—Houston [1st Dist.] June 23, 2022, no pet.) (mem. op.). At the same time, strict compliance with the rules does not require "obeisance to the minutest detail." *Ortiz v. Avante Villa at Corpus Christi, Inc.*, 926 S.W.2d 608, 612–13 (Tex. App.—Corpus Christi-Edinburg 1996, writ denied) (quoting *Herbert v. Greater Gulf Coast Enters., Inc.*, 915 S.W.2d 866, 871 (Tex. App.—Houston [1st

4

Dist.] 1995, no writ) (op. on reh'g)). "Errors such as mistaken capitalization in the defendant's name and spelling errors too minor to raise any doubt that the correct person was served are insufficient to invalidate service." *Ortiz*, 926 S.W.2d at 613.

**C. Analysis**

Stephen contends the default judgment is void because the record does not affirmatively show strict compliance with the rules governing issuance, service, and return of citation because the citation was directed to "Simom Stephen" when his name is "Simon Stephen." Stephen cites numerous cases claiming that this is a case of misidentification that requires reversal.

Texas courts recognize a distinction between misidentification and misnomer. *Giles*, 2022 WL 2251814, at *3 (citing *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4, (Tex. 1990)). The key difference is whether the mistake actually created confusion about the proper party. Misidentification "arises when two separate legal entities actually exist[,] and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity." *Reddy P'ship v. Harris Cty. Appraisal Dist.*, 370 S.W.3d 373, 376 (Tex. 2012) (internal quotations omitted). When a correct defendant is served under a wrong or misspelled name, the case is not one of misidentification, but rather misnomer.[*] *Huynh*, 2003 WL 1848607, at

---

[*] *See e.g.*, *Giles v. Giles*, No. 01-20-00571-CV, 2022 WL 2251814, at *3 (Tex. App.—Houston [1st Dist.] June 23, 2022, no pet.) (mem. op.) (holding citation served on "Christine Marie Giles" whose actual name was "Christina Marie Giles"

5

*2. "When the correct party . . . is sued under [an] incorrect name, the court acquires jurisdiction after service with the misnomer if it is clear that no one was misled or placed at a disadvantage by the error." *Reddy P'ship*, 370 S.W.3d at 376 (internal quotations omitted). Misnomer of a defendant does not render a default judgment based on personal service void, provided that the intention to sue the defendant actually served with citation is so evident from the pleadings and process that the defendant could not have been misled. *Huynh*, 2003 WL 1848607, at *2.

Stephen does not contest that he was personally served at his address, nor does he argue that he is not the proper party to the lawsuit. He does not assert that he was misled by the erroneous spelling of his name in the citation. We hold that service of process was valid, and no lack of personal jurisdiction is apparent from the record.

We overrule Stephen's sole issue.

---

was misnomer when undisputed Christina was personally served and was proper party); *Sembritzky v. Shanks*, No. 01-07-00251-CV, 2009 WL 48234, at *4 (Tex. App.—Houston [1st Dist.] Jan. 8, 2009, no pet.) (mem. op.) (holding citation issued to defendant under moniker "Rocky Sembritzky," rather than his legal name, "Verley Lee Sembritzky, Jr." constituted misnomer).

## Conclusion

We affirm the trial court's judgment.

Susanna Dokupil
Justice

Panel consists of Justices Guerra, Gunn, and Dokupil.